# Joseph W. Tate, Plff. in Err., *v.* Simon Carney et al.

Where a married woman purchases land, paying for it partly with cash from her separate estate and partly with notes which are afterward collected by executions levied from time to time upon her property, the fact that her insolvent husband lives with her on the land and farms it as her agent does not render it subject to execution and sale at the suit of the husband's creditor.

The earnings of the farm belong to the wife.

(Argued May 11, 1888. Decided May 21, 1888.)

July Term, 1888, No. 6, E. D., before PAXSON, STERRETT, GREEN, and CLARK, JJ. Error to the Common Pleas of Bedford County to review a judgment on a verdict for the defendants in an action of ejectment, November Term, 1886, No. 69. Affirmed.

The plaintiff was the purchaser of the land in question at sheriff's sale on execution of a judgment against Samuel Carney, the husband of Susan Carney.

The facts are stated in the opinion.

The assignments of error specified the action in the court below: (1) In refusing to affirm plaintiff's fifth point, which was as follows: "It is incumbent and devolves upon defendants to prove affirmatively that Susan Carney paid the whole purchase money, Morrison's judgments, for her separate estate;" and (2) in instructing the jury as follows: "The receipt on the deed, which is old, running back to 1850, is in full of purchase money from her. The evidence, if believed, shows direct payment at one time of $800 out of her separate estate on the hand money, and nothing in the case appears to show that Samuel Carney, her husband, paid 1 cent, or had any means out of which to pay; and it is alleged that on the farm he acted as her agent by virtue of a written power. If you find the facts as alleged, and as seem to be sustained and proved by the evidence, your verdict should be for the defendant."

*Alexander King* for the plaintiff in error.

NOTE.—For transactions between husband and wife as constituting fraud upon creditors, see note to Tibbins v. Jones, 2 Sad. Rep. 526.

*J. M. Reynolds,* for defendants in error.—After the lapse of twenty years the acknowledgment in a deed of the payment of the consideration is sufficient evidence of payment of the purchase money.   Pryor v. Wood, 31 Pa. 142.

Where a person against whom a fraud has been perpetrated lies by for twenty-one years without causing it to be investigated, he will not then be permitted to show it.   After so long an acquiescence the presumption of law is conclusive that no fraud was committed.   Kribbs v. Downing, 25 Pa. 399; Geiger v. Miller, 24 Pa. 109.

The same principle was applied to trusts before the act of 1856.   A trust resting in parol is taken to be extinguished after twenty-one years.   Strimpfler v. Roberts, 18 Pa. 283, 57 Am. Dec. 606; McBarron v. Glass, 30 Pa. 133.

The earnings on the farm, even if managed by the husband, belonged to the wife.   Rush v. Vought, 55 Pa. 444, 93 Am. Dec. 769.

PER CURIAM:

The plaintiff in error has no just ground of complaint, either as to the rulings of the court or the verdict of the jury.   The farm in question was purchased by Susan Carney, wife of Samuel Carney, in 1850.   A considerable amount of the purchase money was paid in cash out of her separate estate. The judgment notes given for the balance were collected by executions levied from time to time upon her property.   It does not appear that her husband had any money to pay with; on the contrary he was insolvent.   That he lived with his wife on the farm is not to the purpose.   He was merely her agent.   The earnings of the farm belonged to his wife.   Rush v. Vought, 55 Pa. 437, 93 Am. Dec. 769.

The evidence to disturb Susan Carney's title after all these years should be strong, much stronger than anything the plaintiff has shown.

Judgment affirmed.