# PITTSBURG STEEL COMPANY *v.* BALTIMORE EQUITABLE SOCIETY.

### ERROR TO THE COURT OF APPEALS OF THE STATE OF MARYLAND.

No. 103. Argued December 18, 19, 1912.—Decided January 6, 1913.

A state statute changing a remedy for enforcing contract rights does not impair the contract if it gives a more efficacious remedy than existed before or does not impair it so materially as to affect the creditor's rights.

Where, as in this case, this court cannot say that the state court was wrong in holding the new remedy under a state statute to be more efficacious than the former remedy for enforcing claims of creditors

of a corporation against the stockholders, it will not declare the statute unconstitutional. And so *held* as to Chap. 305, Laws of Maryland of 1908.

One not hurt by a provision of an act cannot raise the question of its constitutionality on that ground.

113 Maryland, 77, affirmed.

THE facts, which involve the constitutionality of a statute of Maryland providing remedy for enforcing the liability of stockholders of corporations, are stated in the opinion.

*Mr. Edgar Allan Poe*, with whom *Mr. J. Kemp Bartlett, Mr. L. B. Keene Claggett* and *Mr. R. Howard Bland* were on the brief, for plaintiff in error:

Chapter 305 of the Acts of the General Assembly of Maryland of 1908, especially paragraph 64A thereof, impaired the obligation of the contract existing between the plaintiff in error and the defendant in error on the sixth day of April, 1908, the date when said act became effective, and is therefore unconstitutional, being in contravention of § 10 of Article I of the Constitution of the United States.

Prior to the passage of Chapter 305, a creditor of a Maryland corporation had the choice of two remedies against a stockholder whose subscription was unpaid in whole or in part; he could either proceed at law, as the plaintiff in error did in this case, or he could proceed by bill in equity in the nature of a creditor's bill. *Steel Company* v. *Equitable Society*, 113 Maryland, 81; *Mathews* v. *Albert*, 24 Maryland, 527; *Norris* v. *Johnson*, 34 Maryland, 485.

It is not a case of the substitution of one remedy for another, but of the entire elimination of the more valuable of one of two remedies.

This same act was upheld in *Republic Iron Co.* v. *Carlton*, 189 Fed. Rep. 126, but a practically similar act of

1904 was stricken down as unconstitutional in *Myers* v. *Knickerbocker Trust Co.*, 139 Fed. Rep. 111.

Any law which in its operation amounts to a denial or obstruction of the rights accruing by a contract, though professing to act only on the remedy, is directly obnoxious to the prohibition of the Constitution. *McCracken* v. *Hayward*, 2 How. 608 at 611; *Seibert* v. *Lewis*, 122 U. S. 284, 294.

Whatever legislation lessens the efficacy of a remedy impairs the obligation. *Louisiana* v. *New Orleans*, 102 U. S. 203, 206; *Bryan* v. *Virginia*, 135 U. S. 685, 693; *Edwards* v. *Kearzey*, 96 U. S. 595; *Rees* v. *City of Watertown*, 19 Wall. 107; *Dexter* v. *Edmonds*, 89 Fed. Rep. 467, 469; *Western Nat. Bank* v. *Reckless*, 96 Fed. Rep. 70.

Chapter 305 actually postpones and retards the enforcement of the contract, materially abridges the remedy for enforcing it, and fails to supply an alternative remedy equally adequate and efficacious.

The latter part of § 64A of Chapter 305, actually reduces the period of limitation as against all creditors who had brought suit against stockholders between the first day of July, 1907, and the sixth day of April, 1908. This provision is unconstitutional and vitiates the entire section.

*Mr. Wilton Snowden, Jr.,* and *Mr. Vernon Cook* for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action brought by the plaintiff in error as a creditor of the South Baltimore Steel Car and Foundry Company to recover its claim from the defendant, a holder of stock in that company the subscription for which had not been fully paid. The action was begun on February 26, 1908, and at that date it could be maintained. But in April a statute was enacted (Act of April 6, 1908, c. 305,

Laws 1908, p. 58), making the stockholder's liability assets of the corporation, saving the rights of creditors at the date of the act, but providing that the exclusive remedy for such rights as against Maryland stockholders should be by bill in equity on behalf of such creditors as might come in. This provision was made operative as of July 1, 1907, and was to cause all actions at law of this kind brought since then to abate, saving the right to become party to a bill. On this statute the defendant moved to dismiss the suit. The motion was granted and the judgment was affirmed by the Court of Appeals, which sustained the constitutionality of the act as so applied. 113 Maryland, 77.

Of course the objection is that the law impairs the obligation of the plaintiff's contract. If the stockholder's liability were purely local and no more than matter of remedy for the collection of the principal debt, still this objection would have to be considered. See *Hawthorne* v. *Calef*, 2 Wall. 10. *Brown* v. *Eastern Slate Co.*, 134 Massachusetts, 590, 592. But the case was argued on the footing of a contract between the creditor and the stockholder, and as the statute seems to assume that the stockholder's liability may follow him into other jurisdictions and the Court of Appeals affirmed that a contract between the parties is presumed, we in turn assume that view to be correct. *Bernheimer* v. *Converse*, 206 U. S. 516, 529. In either view the question put in the form most favorable for the plaintiff is the same; whether the remedy against the defendant is impaired so materially as to affect the plaintiff's rights. *McGahey* v. *Virginia*, 135 U. S. 662, 693.

The plaintiff's supposed contract was subject to peculiar infirmities. His right was shared equally by all other creditors of the corporation, and not only might some other creditor by diligence have got in ahead of the plaintiff and have exhausted the fund for which the defendant could be held, but the right depended on the stockholder's

will. As was observed by Judge Rose, following the Maryland cases, in *Republic Iron & Steel Co.* v. *Carlton,* 189 Fed. Rep. 126, 137, the statute does no more than the stockholder was free to do before. He could have paid the corporation or a receiver or other creditors. The question whether the remedy on this contract was impaired materially is affected not only by the precarious character of the plaintiff's right, but by considerations of fact—of what the remedy amounted to in practice. It is admitted that bringing the action gave the plaintiff no lien, as it seems mistakenly to have been assumed to do in *Myers* v. *Knickerbocker Trust Co.,* 139 Fed. Rep. 111, 116. The Court of Appeals states that the remedy has been found in practice an uncertain one, less efficacious than that which is substituted. There is nothing to contradict their statement as to what experience has taught. With that fact before us and also the absolute dependence of the creditor upon the will of the stockholder, we cannot go into nice speculation as to the probable result of this particular case, or say that the decision was wrong. The power of the State to make similar changes of remedy is asserted in more general terms than we have employed, in *Fourth National Bank* v. *Francklyn,* 120 U. S. 747, 755. See also *Henley* v. *Myers,* 215 U. S. 373, 385.

A further objection is based upon the period of limitation established by the act. But as it does not appear that the plaintiff was hurt by it, this objection is not open. *Darnell* v. *Indiana, ante,* p. 390.

*Judgment affirmed.*