## No. 6190.

## MRS. MARY MURPHY, WIFE OF JAMES J. WOULFE, vs. PRUDENTIAL INSURANCE COMPANY OF AMERICA.

### Syllabus.

1. Under the Bankruptcy Law the only life insurance policies of the bankrupt which pass to his trustee are those specified in the proviso to subdivision 5 of Section 70 of said Act.

2. The phrase in said proviso, ''payable to himself, his estate or personal representatives'' qualifies the word ''policy'' and does not relate to the phrase ''cash surrender value,'' and consequently it is only those policies of the bankrupt which are payable to himself, his estate or personal representatives and which have a cash surrender value, that pass to his trustee in bankruptcy.

Appeal from the Civil District Court, Parish of Orleans, Division ''D,'' No. 104,369. Honorable Porter Parker Judge.

John J. Reilly, for plaintiff and appellant.

Dinkelspiel, Hart & Davey, for defendant and appellee.

John Dymond, Jr., for intervenor.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

The defendant insurance company has deposited in Court the ''cash surrender value'' of a policy of insurance issued upon the life of James J. Woulfe and payable to ''Mary H. Woulfe, beneficiary, wife of the insured, otherwise to the executors, administrators or assigns of the assured,'' the policy reserving to the insured the right to change the beneficiary. The beneficiary and her husband, the insured, claim the fund and their claim is

— 54 —

resisted by the trustee of the estate of the insured, the husband, Woulfe, who has been adjudged a bankrupt under the Bankruptcy Law. The trial Court awarded the fund to the latter and the former appeal.

No exemption under the exemption laws of the State is claimed and the question presented is whether or not this fund, representing the cash surrender of the policy, passes to the trustee under the Bankruptcy Law.

It is now settled that the only provision of law which grants to or confers upon the bankrupt estate any interest or title in the policies of insurance of the bankrupt in the proviso to sub-division 5 of Section 70 of said act.

### Burlingham vs. Krouse, 226 U. S., 459.

The only character of policy of the insured referred to in said provision and consequently the only policy wherein any interest whatever is vested in his bankrupt estate, is an "insurance policy which has a cash surrender value payable to himself, his estate, or personal representatives." And as we construe this clause, the phrase "payable to himself, his estate, or personal representatives," qualifies the word, "policy," and does not relate to the phrase, "cash surrender value." The latter phrase is one of familiar usage and refers to a sum available upon the surrender and cancellation of the policy before it has matured by the death of the insured, and it would be absurd and meaningless to speak of a cash surrender value payable to "his estate or personal representatives."

The law vests in the bankrupt estate an interest only in such policies that are expressly payable to the bankrupt, his estate, or personal representatives; and consequently policies like the one presently under considera-

tion, which are payable to a person other than the bankrupt, whether contingently or otherwise, do not pass to the bankrupt's trustee under the act.

Accordingly the judgment is set aside and annulled, and it is now decreed that there be judgment in favor of plaintiff, Mrs. Mary Murphy, herein joined by her husband, James J. Woulfe, and against the defendant, Prudential Insurance Company of America, in the sum of $734.90, to be paid from the fund herein deposited in the registry of the Court, the said defendant in addition thereto to pay the costs below of the main demand as well as of its reconventional demand, which is hereby dismissed. And it is further decreed that the intervention of James J. McLoughlin, Trustee, be dismissed at his costs and that the appellees pay the costs of this appeal.

Judgment reversed.

Opinion and decree, November 23, 1914.


## On Application for Rehearing.

### Per Curiam.

A re-examination of this case fails to bring us to the conclusion that there was any error in the original opinion expressed by us—as between the plaintiff and the intervenor—and we adhere to it.

Several reasons suggest themselves to us why the judgment should not be amended as against the defendant.

1st. It did not appeal nor pray for any amendment of the judgment below.

2nd. The tender made by it did not relieve it of the payment of costs and interest, because 1st., it was made

subject to a counter claim of attorney's fees; 2nd, because it did not include costs and interest up to date of deposit, and 3rd., because it was not made to any one in particular, and was not such a tender as entitled any one by its terms to withdraw the amount.

C. P., 407; 2 A., 496; 12 A., 246; 14 A., 327; 52 A., 2070.

Rehearing refused.

Opinion and decree, December 21st, 1914.