### CITY OF JACKSONVILLE v. SMITH, et al.

Nos. 2866, 2996, 3039, 3078, 3091, 3104,
3115, 3125, 3126, 3128, 3137, 3193, 3203.

Circuit Court, Duval County, Criminal Appeal.

November 24, 1958.

Thomas A. Larkin of Larkin & Lewis, Jacksonville, for appellant.

William M. Madison, City Attorney, and Claude L. Mullis, both of Jacksonville, for appellee.

WILLIAM H. MANESS, Circuit Judge.

In each of the above cases the appellant was convicted in the municipal court of the city of Jacksonville, and perfected an appeal to this court. Thereafter, upon due notice given to counsel of record for each appellant, the merits of each appeal was heard, and in each case the judgment of the municipal court affirmed.

After affirmance by this court, the appellant failed to comply with the judgment and sentence of the municipal court, and upon such fact being certified to this court pursuant to provisions of section 932.521 (2), Florida Statutes 1957, an order of forfeiture was entered against the supersedeas bond filed herein. Now the appellant and/or the surety in each case has moved the court to quash the order of forfeiture on several grounds.

The principal ground relied upon is the claim that section 932.521 (2)—chapter 57-64 became law August 7, 1957—is violative of the requirements of due process and is in contravention of the constitution of the United States and the state of Florida in that—(1) no notice or hearing is provided the appellant or surety before the entry of an order of forfeiture, and (2) the obligation of appellant, as principal, and the surety, was incurred and undertaken prior to the effective date of section 932.521, and its application in this case is unconstitutional.

As to the first ground, in each case the appellant was given due notice of the hearing on the merits of the appeal and the court entered its order affirming the judgment that same day. At the

time of the entry of the order section 932.521 had already become law and the appellant was charged with knowledge that unless the judgment and sentence was complied with an order of forfeiture could be entered *without notice* five days after the mandate issued. The surety also is charged with such knowledge, and neither has shown or attempted to show any explanation of the breach of the undertaking or that the result would have been any different if notice had been given where the undertaking had already been breached. Neither principal nor surety in this case, despite the lapse of several months before the order of forfeiture, made the slightest gesture to comply with the judgment and sentence of the municipal court, and the summary procedure provided in the act in question does not violate organic law. See Capital Indemnity Insurance Co. v. State, 86 So. 2d 156.

The second contention, that the act in question is unconstitutional because it was enacted into law subsequent to the execution of the bond herein forfeited, is equally untenable. The surety in effect argues that at the time the obligation was undertaken the procedure for enforcement of a forfeiture in the event of a breach of its undertaking was so uncertain and ineffectual, and the likelihood of being forced to pay the penal sum was so slim, that they could and did accept risks which they would not assume under the more efficient and effective procedure allowed by the act of the 1957 legislature.

The act clearly does not deny the principal or surety any substantial rights which were theirs before its enactment. It merely provides a more streamlined, and more certain, method by which those who voluntarily chose to undertake the risk of being "a friendly jailer" while an appeal is pending can be made to live up to their obligation if their confidence in a particular individual proves to have been misplaced.

A surety contract is made to be performed in certain events and not avoided, and if the surety was relying on a legal loophole or unsurmountable legal technicalities as a shield against unworthy risks, it should not be heard to complain when the loophole is closed and the procedural technicalities removed. The surety has no vested rights in the method of enforcing its obligation at the time it is undertaken. See 6 Fla. Jur., Constitutional Law, section 282, which states in part—

"Although the laws in force at the time a contract is executed, including the laws providing a remedy, enter into its obligation, the parties have no vested right in remedies or

modes of procedure then existing for its enforcement. The legislature has the power to regulate the time and manner, or to change the remedy or method, of enforcing the contract if such regulations are reasonable and leave the substance of the contract to be enforced; and parties are assumed to contract with knowledge of such power. The legislature may, without impairing the obligation of contracts, modify or change the existing remedies or prescribe new modes of procedure, provided a sufficient remedy is left or another sufficient remedy provided."

In Mahood v. Bessemer Properties (Fla.), 18 So. 2d 775, it was said—

"The remedial law in force at the time the contract is made enters into and becomes a part thereof, but the parties to the contract have no vested right under the contract clause of the Federal Constitution in the particular remedy or modes of procedure then existing. It may be assumed that the parties made their contract with knowledge of the power of the state to change the remedy or method of enforcing the contract, which may be done by a state without impairing contract obligations. See Pittsburgh Steel Co. v. Baltimore Equitable Society, 226 U.S. 455, 57 L. Ed. 297, 33 S. Ct. 167. A state may by legislative enactment modify existing remedies and substitute others without impairing the obligation of contracts, provided a sufficient remedy be left or another sufficient remedy be provided . . . ."

Other grounds of the motion to quash assert that the clerk of the municipal court did not notify the appellant of the filing of the record with the circuit court as required by law, and that the appellate docket of this court was not sounded as contemplated by section 932.52 (14)—but both of these questions are rendered moot by the fact that these cases were heard and disposed of on the merits after due notice—and no such questions were raised at the hearing.

The act under attack is a valid exercise of powers resting in the legislature and not unconstitutional in its application in these cases. The several motions to quash should be denied. By separate order the court will deny each motion and enter final judgment against the principal and surety on each bond as provided by law.