FRANK A. BRYAN, CLERK, et al., Plaintiffs in Error, v. DADE MUCK LAND COMPANY, Defendant in Error.

Opinion filed March 5, 1918.

1. A peremptory writ of mandamus was issued against the clerk of the Circuit Court of Broward County, and the Board of Commissioners of Everglades Drainage District, as respondents commanding the respondents to accept certain money tendered by the relator below, it being the correct amount, to redeem and cancel certificates numbered 1043 and 1078, which had been issued to the said

Board under a sale of certain lands in the Everglades Drainage District, which were subject to assessment and sale for drainage taxes. The sale was made, and the certificates issued, on June 7th, 1915, for the unpaid taxes for the year 1914, and Chapter 7303, Laws of Florida, which extend the time in which to redeem certificates covering lands sold for non-payment of drainage taxes, went into effect June 5th, 1917, therefore, at the time Chapter 7303, Laws of Florida, went into effect two years had not elapsed from the time of the sale, and the title to the land embraced in said certificates had not vested in the Board of Commissioners of Everglades Drainage District, and the said certificates were held subject to redemption, and the Circuit Judge was correct in granting the peremptory writ of mandamus ordering the respondents to accept the money and permit the said certificates to be cancelled and redeemed.

2.  Chapter 7303, Laws of Florida, extends the time for ninety days within which to redeem or cancel certificates covering lands sold for non-payment of drainage taxes where said certificates were not two years old at the time said Chapter 7303, Laws of Florida, went into effect. The question of whether this Act, Chapter 7303, Laws of Florida, provides for the redemption or cancellation of such drainage certificates where they are two years, or more, old, is not decided, as that question is not here involved.

Writ of Error to Circuit Court of Broward County, E. B. Donnell, Judge.

Judgment affirmed.

*Glenn Terrell,* for Plaintiffs in Error;

*W. S. & S. B. Jennings and B. Franklin Brass,* for Defendant in Error.

WILSON, Circuit Judge.—The Dade Muck Land Company, relator in the court below, filed its petition for

mandamus against Frank A. Bryan, as Clerk of the Circuit Court of Broward County, Florida, Sidney J. Catts, Governor, J. C. Luning, State Treasurer, Ernest Amos, State Comptroller, Van C. Swearingen, Attorney General, W. A. McRae, Commissioner of Agriculture, constituting the Board of Commissioners of Everglades Drainage District of Florida, respondents, to require the respondents, plaintiffs in error here, to accept certain money and cancel drainage certificates numbered 1043 and 1078. These two certificates embrace the following lands in Broward County, to-wit: Sections numbered 12 and 24 in township 48, south of range 40 east.

There is an agreed statement of facts entered into between the attorneys for the respective parties in which it is admitted that the relator below, is a corporation organized under the laws of the State of Florida, and is the owner of the lands described, situated in Broward County, Florida, and that said lands are within the Everglades Drainage District of Florida, and subject to levy and assessment of drainage taxes under Chapter 6456 of the Acts of 1913, and the provisions of Chapter 6957, Laws of Florida Acts of 1915, and laws amendatory thereto and thereof, and were so situate and liable for drainage taxes during the years 1914 and 1915, and that there was assessed against said lands drainage taxes, plus charges and costs of sale, the sum aggregating $65.59 respectively; that said drainage taxes and cost of the year 1914 were not paid, and the said lands, above described were duly sold for the non-payment of said drainage taxes for the year 1914, at public sale, after due notice given by the tax collector of Broward County, Florida, on the 7th day of June 1915, and, in the absence of other bids, were sold and struck off to the Board of Commissioners of Everglades Drainage District, and certificates evidencing such

sales, numbered 1043 and 1078, were issued respectively upon the above described lands in the usual form, and in the name of the said Board as purchaser, and delivered to the order of said Board; whereupon, the said Board and the respondent, Frank A. Bryan, as clerk of the circuit court of Broward County, Florida, became the joint custodians, and were in the joint control of said certificates, under the provisions of the law, permitting redemption of said certificates to be made upon the payment of amounts required by law to be paid to the clerk of the circuit court, as aforesaid, and that said respondents have continued to be, and are at this time, in the joint custody and control of said certificates.

The said stipulation or agreement also admitted the passage of chapter 7303, Laws of Florida, Acts of 1917, relating to the redemption of certificates of land sold for nonpayment of taxes assessed prior to the year 1916, now held by the State and Board of Commissioners of Everglades Drainage District of Florida, or other State officers, in pursuance of sales made in accordance with the statute authorizing certificates to be issued in the name of the State Treasurer, or the said Board or officers, which shall be held by the said State Treasurer, or said Board or officers, subject to redemption upon the payment of amount of taxes and cost stated in the certificate, without interest, for a period of ninety days from the date of the passage and approval of such act. It was also admitted that the said act repealed all laws and parts of laws, inconsistent therewith, and should take effect upon its passage and approval by the Governor.

It was further admitted in said agreement that the relator paid into the hands of the clerk of the circuit court of Broward County, Florida, the proper amount in lawful money of the United States to redeem said lands covered

by said certificates, numbered 1043 and 1078, the sum total of the amount due thereon, including costs and charge being $97.91, and that such payment was made on or about the 24th day of July 1917, and that the said Frank A. Bryan, clerk as aforesaid, accepted same only tentatively, said original certificates not being wholly in his custody and control, and the said clerk did not cancel or deliver said original certificates of sale to the said relator, and that he still fails and refuses to finally accept said payment and cancel said original cetrificates.    The stipulation further admits that the said clerk of the circuit court of Broward County, forwarded the said money paid for redemption of said certificates numbered 1043 and 1078, to the respondents, the Board of Commissioners of Everglades Drainage District of Florida, the joint custodians thereof, who declined and refused, and still decline and refuse to accept said money for the redemption of said described lands, and cancel the said certificates, or return the original certificates to the clerk of the circuit court, as aforesaid, to be cancelled; and that said certificates are in the control and custody of the said respondents, and have not been transferred or assigned, nor the lands embraced therein sold by the Board, and no tax deed was ever issued under or by virtue of said drainage tax certificates, or by the Board based thereon.    The official positions of the respective respondents below is also admitted.

Upon the filing of a petition setting fourth all the facts which contain, in substance, all of the stipulations set up in the foregoing agreed statement of facts, the Circuit Judge issued an alternative writ of mandamus directing the respondents below, forthwith, to accept the said money tendered as full and final payment of the amount due, together with the legal costs and charges on drainage

tax certificates numbered 1043 and 1078, respectively, embracing lands hereinbefore described, for the redemption of said lands and certificates, and to cancel the said certificates above described, or to appear before him at the court-house in the City of West Palm Beach, Florida, on the 16th day of August 1917, at nine-thirty A. M., and show cause why they did not comply with said writ. The respondents below appeared and filed a demurrer to the said alterantive writ.    The grounds of the demurrer are as follows:

"The respondents herein, by their attorney, Glenn Terrell, say that the alternative writ issued in this cause is bad in substance and insufficient in law to be relied on and demur to the said alternative writ and assign the following grounds of demurrer.

### 1.

"That tax certificates numbered ten forty-three (1043) and ten seventy-eight (1078), the same being the identical certificates mentioned in the said alternative writ, were issued under the provisions of Chapter 6456, of the Acts of 1913, as amended by Chapter 6957, of the Acts of 1915, and are not such certificates as could be contemplated and redeemed under the provisions of Chapter 7303, of the Acts of 1917, the same being an act for the redemption of certain outstanding drainage certificates.

### 2.

"Chapter 7303, of the Acts of 1917, same being an act for the redemption of certain outstanding drainage certificates held by certain officers in this State, does not cover or apply to certificates covering lands in the Drainage District the title to which have vested in the Board

of Commissioners of Everglades Drainage District as provided in chapter 6456, of the Acts of 1913, as amended by chapter 6957, of the Acts of 1915.

### 3.

"Drainage tax certificate numbered ten forty-three (1043) and ten seventy-eight (1078) are not redeemable under the provisions of chapter 7303, of the Acts of 1917, or any other law of this State, because the lands covered by such certificates have been forfeited to the Board of Commissioners of Everglades Drainage District under the provisions of chapter 6456, of the Acts of 1913, as amended by chapter 6957, of the Acts of 1915.

### 4.

"In the passage of chapter 7303, of the Acts of 1917, the same being the law under which the relator herein seeks to redeem drainage tax certificates numbered ten forty-three (1043) and ten seventy-eight (1078), the Legislature of this State did not intend to redeem any drainage tax certificates covering bonds that had been forfeited to the Board of Commissioners of Everglades Drainage District for the non-payment of drainage taxes.

### 5.

"Under the provisions of chapter 6456, of the Acts of 1913, as amended by chapter 6957, of the Acts of 1915, drainage tax certificates numbered ten forty-three (1043) and ten seventy-eight (1078), have become mere evidence of the vestiture of the title to the lands covered thereby in the Board of Commissioners of Everglades Drainage Distirct, and were therefore not redeemable under the provisions of chapter 7303, of the Acts of 1917.

6.

"It is not made to appear in the said alternative writ that any legal ground or grounds exist under the provisions of the acts as therein recited for the redemption of drainage tax certificates numbered ten forty-three (1043) and ten seventy-eight (1078).

7.

"It is not made to appear by the alternative writ that chapter 7303 of the Acts of 1917 extended the time for the redemption, or could in any manner affect drainage tax certificates covering lands which had been forfeited to the Board of Commissioners of Everglades Drainage District.

GLENN TERRELL,
Special Counsel for I. I. Board."

The first and sixth grounds of the demurrer may be treated together, while the second, third, fourth, fifth and seventh may be grouped under one head.

The first ground of the demurrer alleges that the certificates were issued under the provision of chapter 6456, of the Acts of 1913, as amended by chapter 6957, of the Acts of 1915, and are not such certificates as could be contemplated and redeemed under the provisions of 7303, of the Acts of 1917. We do not think this ground of demurrer is tenable. Chapter 7303, Laws of Florida, Acts of 1917, clearly refers to the redemption of certificates of land sold for non-payment of drainage taxes and Everglades Drainage tax certificates sold for the non-payment of taxes assessed prior to the year 1916, which are now held by the State Treasurer, and the 'Board of Commissioners of Everglades Drainage District" or other State Officers. It is, as stated in the title, an act to

provide for and relating to the redemption of drainage tax certificates now held by the State for the non-payment of taxes and the duties of State and County officials in connection therewith.    Counsel for respondents below admits in his brief that this law would be applicable to the redemption of all drainage certificates issued under Acts of 1907, now held by the State or any agency of the State, and indirectly admits in his brief that it might apply to drainage certificates issued under sales made under the Acts of 1913, as amended by the Acts of 1915, where the title did not vest in the Board of Commissioners of Commissioners of Everglades Drainage District by failure of the owner of the lands, covered by such certificates, to redeem the same within two years. Chapter 5709, Acts of 1907, page 220, provides that "The Governor, the Comptroller, the State Treasurer, the Attorney General, and the Commissioner of Agriculture  of  the State of Florida, and their successors in office, are hereby constituted and designated as a Board  of  Drainage Commissioners, etc." Chapter 6456, Laws of Florida, Act of 1913, page 129, section 2, provides, "The Governor, the Comptroller, the State Treasurer, the Attorney General, and the Commissioner of Agriculture of the State of Florida, and their successors in office, are hereby constituted the governing board of said district, and shall be designated the "Board of Commissioners of Everglades Drainage District." Chapter 6957, Laws of Florida, Acts of 1915, page 362, does not change the name of this Board; therefore , when Chapter 7303, Laws of Florida, Acts of 1917, page 115, provides for the "redemption of all certificates of land sold for non-payment of drainage taxes, and Everglades drainage tax certificates of land sold for the non-payment of taxes, assessed prior to the year 1916, now held by the State Treasurer and the Board of Commis-

sioners of Everglades Drainage District, or other State Officers," it clearly intends to include those certificates issued under sales made under the Acts of 1913, as amended by the Acts of 1915, and the language cannot be limited to the redemption of certificates of land sold under the Acts of 1907, for in 1907 there was no body of State Officers, legally known and.designated as the "Board of Commissioners of Everglades Drainage District." That name for the Board did not originate until the Acts of 1913, and has not been changed since; therefore, in referring to the "Board of Commissioners of Everglades Drainage District" in the Acts of 1917, chapter 7303, we cannot conclude that the Legislature did not have in mind what it said in expressed terms·

We think the Circuit Judge did not commit an error in overruling this ground of the demurrer.

The sixth ground of demurrer is not clear in its terms as to what it means, but in view of the fact that we have concluded that the alternative writ does show that legal grounds did exist under the laws of Florida for the redemption of the tax certificates aforesaid, numbered 1043 and 1078, we think there was no error on the part of the trial judge in overruling this ground of demurrer.

All of the other grounds of the demurrer are grouped together, as before stated, because they are all directed at the same supposed legal provisions involved. It will be noted that they are all based upon the legal proposition that chapter 7303, Acts of 1917, does not cover or apply to certificates embracing lands in the drainage district, the title to which had vested in the "Board of Commissioners of Everglades Drainage District" at the time of the passage of the Act of 1917.

These several grounds of demurrer are based upon a misapprehension of the facts. The record shows that the

lands embraced in said certificates numbered 1043 and 1078, were sold, and the certificates issued on the 7th day of June 1915, for unpaid drainage taxes assessed for the year 1914.    Chapter 6546, Acts of 1913, section 16, page 167, provides that when land is bid off by the tax col-lector for the said Board, the tax certificates shall be issued by the tax collector in the name of the Board of Commissioners of Everglades Drainage District, and if the land is not redeemed on or before  the  first day of December next following,  the title to  same shall im-mediately vest in the said Board without the issuing of any deed, as provided in other cases, and the certificates held by the said Board shall be evidence of the title of the said Board.    However, chapter 6957, Acts of 1915, in sec-tion 7, page 398, contains practically the same langauge as mentioned in section 16 above, with  this difference, "And if the land is not redeemed on or before two years from the date of such certificates, the title to the same shall immediately vest in the said  Board  without the issuing of any deed as provided in other cases, and the certificates held by the said Board shall be evidence of the title of the said Board."    The same section  of  the Statute also requires that certificates shall be issued by the tax collector as of the date of sale.

The undisputed facts in this case are that this land embraced in certificates 1043 and 1078, was sold June 7th 1915.    The certificates issued  on the same  date.    The certificates were made to the Board aforesaid, and were held by this Board at the time this suit was brought, and no rights of third persons had intervened.    Chapter 7303, Laws of Florida, Acts of 1917, under which this proceed-ing was brought, provides "That this act shall take effect upon its passage and approval by the Governor."    It was approved June 5th, 1917, two days before the two years

had elapsed, and unquestionably, the tax certificates numbered 1043 and 1078, were held by the Board of Commissioner  of Everglades Drainage District for redemption at the time chapter 7303 went  into effect.    This act, chapter 7303, provides that these certificates might be redeemed upon the payment of the amount of taxes and cost stated in the certificate, without interest, for a period of ninety days from the date of the passage and approval of the act.    The record shows, without dispute, that on or about July 24th 1917, long before the ninety days had elapsed, the petitioner below had tendered to the clerk of the circuit court of Broward County, the necessary amount of money in legal tender, to redeem these certificates.

The question then naturally arises as to whether or not the provisions of chapter 7303, Acts of 1917, extends the time in which redemption of these  certificates could be made.    Without passing upon the question of whether or not this act extends the time for redemption of those certificates embracing land, the title to which had vested in the Board of Commissioners of Everglades Drainage District at the time of the passage of the act, for that question is not here involved, we are of the opinion that the legislature had the right and the power to extend the time for redeeming the lands  sold for the  non-payment of taxes where the act of the Legislature extending the time was passed and put into effect before the two years' limit, and before the title had vested in the said Board of Commissioners of Everglades Drainage District.    The Constitution of Florida, section 33 Article 3, provides that no statute shall be passed lessening the time within which a civil action may be commenced on any cause of action existing at the time of its passage·   Baugher v. Boley, 63 Fla. 75.    But the legislature is not limited in its power

to extend the time within which a suit may be brought upon a cause of action existing at the time of the passage of the act. The legislature did, before any title had vested in the Board of Commissioners of Everglades Drainage District, extend the time in which the said certificates could be redeemed; and as it had the power to pass the act, and no rights of third persons had intervened the Circuit Judge was correct in his findings on the law and the facts.

Our conclusion is that the trial judge did not err in overruling the demurrer of the respondents below to the alternative writ. Under the facts, as well as under the law, it was the duty of the respondents below to accept the money tendered, and cancel the certificates for the relator below.

The judgment is affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J. concur.

WEST, J., disqualified.