CATHERINE FARMER VANDERBILT, Plaintiff, *v.* LIZZIE VANDERBILT HEGEMAN, Defendant.

Supreme Court, Greene County, December 27, 1935.

*Lester Robert Smith*, for the plaintiff.

*Eliot Tuckerman* [*Harold R. Medina* and *John W. Jordan* of counsel], for the defendant.

STALEY, J. This is an action which is claimed by defendant to be one commonly designated as an action for alienation of affections.

The material allegations of the complaint are as follows:

1. That the plaintiff is now and for more than five years last past has been the wife of one George V. Vanderbilt, and lived with the said George V. Vanderbilt and their infant child, aged four years, at Greenville, Greene county, N. Y.

2. That in or about the month of March, 1935, plaintiff and the child of the plaintiff and the said George V. Vanderbilt lived with and were supported by the said George V. Vanderbilt at Greenville, Greene county, N. Y., and the plaintiff lived with him as his wedded wife and she and her said child were enjoying his support, protection and consort, and at said time the defendant, well knowing the premises, and wrongfully intending to injure this plaintiff and deprive her and her child of said husband's protection, aid and support, willfully, wickedly and maliciously sought to persuade him and did induce and entice him by offers of money and otherwise to leave the plaintiff and their said child without support and go with the defendant to the city of New York and elsewhere.

3. That among other things, the defendant willfully, wickedly and maliciously persuaded and induced the said George V. Vanderbilt to sue this plaintiff by an action for separation in the Albany County Supreme Court and to desert plaintiff and their said child and to leave her and the said child without means of support and protection and to go with the said defendant, and the said defendant has ever since harbored and detained the said George V. Vanderbilt against the will of the plaintiff.

4. That the defendant is a half-sister of the plaintiff's husband, George V. Vanderbilt.

5. That by reason of the premises, the plaintiff and her said child have been and still are wrongfully deprived by the defendant of the comfort, society, support and protection of her said husband, the said George V. Vanderbilt, and the happiness and benefits that she and her said child would otherwise have received at his hands, and has suffered great damage to her mind and body all to her damage in the sum of $100,000.

There can be no doubt that plaintiff alleges a cause of action for alienation of affections, the name now usually applied to the common-law actions sometimes referred to as enticing.

The claim of defendant is that the alleged cause of action has been abolished by the Civil Practice Act, sections 61-a–61-i (added by Laws of 1935, chap. 263), and that the present action was not commenced within sixty days after the act in question went into effect as provided by section 61-a.

Chapter 263 of the Laws of 1935, so far as material here, provides:

" § 61-b. Certain causes of action hereafter accruing abolished. The rights of action heretofore existing to recover sums of money as damage for the alienation of affections, criminal conversation, seduction, or breach of contract to marry are hereby abolished.

" § 61-c. Certain causes of action heretofore accrued barred by lapse of time. 1. All causes of action to recover a sum of money as damage for the alienation of affections, criminal conversation, seduction and breach of contract to marry, which have heretofore accrued, must be commenced within sixty days after this article takes effect. * * *

" 3. All such actions not so commenced shall be thereafter completely and forever barred for lapse of time."

" § 61-h. Construction of article. This article shall be liberally construed to effectuate the objects and purposes thereof and the public policy of the state as hereby declared. If any clause, sentence, paragraph or part of this article shall for any reason be adjudged by any court of competent jurisdiction to be invalid, such judgment shall not affect, impair or invalidate the remainder thereof, but shall be confined in its operation to the clause, sentence, paragraph or part thereof, directly involved in the controversy in which such judgment shall have been rendered. If the application of this article, or any part thereof, to any person or circumstances shall be adjudged by such court to be invalid or ineffectual for any reason, such judgment shall not affect the application of such article or part to any other person or circumstances."

The plaintiff contends that the act in question is unconstitutional in that it operates to abridge a privilege guaranteed by the Constitution and to deprive her of life, liberty and property without due process of law (U. S. Const. art. XIV, § 1; N. Y. Const. art. 1, § 6); that the cause of action is one of common-law origin and while modes of procedure may be altered, " there is no wrong without a remedy " and no legislative power to abolish rights of property and persons established by the fundamental principles of the law unless there is preserved some effective procedure to redress such wrongs which affect substantial rights (*Crane* v. *Hahlo*, 258 U. S. 142; *Twining* v. *New Jersey*, 211 id. 78; *Gibbes* v. *Zimmerman*, 290 id. 326; *Herkey* v. *Agar Manufacturing Co.*, 90 Misc. 457); that the maintenance of the home and marital relation, free from interference by third parties, is a substantial and private right and one upon which the social order depends and one which has long been the concern and object of protection of courts of justice. (*Oppenheim* v. *Kridel*, 236 N. Y. 156.)

Cases dealing with due process in connection with property rights are common, and the law on this subject is highly developed.

The right to life and liberty includes more than mere freedom from personal harm and actual physical restraint by the direct operation of enactments of the Legislature. A person may be deprived of life and liberty by the removal of those safeguards which restrain one individual from violating the personal rights of others.

It would seem clear that the repeal of all the penal laws and civil remedies which inhibit personal violence would operate to deprive members of the community of life and liberty as effectually as a statute subjecting a person to unlawful imprisonment, dismemberment or death. (*Truax* v. *Corrigan*, 257 U. S. 312.)

While this general principle is clear enough, it is not so sweeping and inflexible as to render sacred and unalterable the rules of the common law. Changes are inevitable in the course of time. New situations arise and the old rules are found to be inadequate; they must be expanded and supplemented. On the other hand, the old rules likewise become obsolete and are found to hamper and result in injustice, and may well be abandoned.

However, there are certain fundamental rights recognized by the common law which must be safeguarded in order that a person be guaranteed due process within the constitutional limitation. Existing remedies for these rights may be abolished, but something preserving these rights must be substituted in their place.

To what category does the statute in question belong? In the opinion of the Legislature, as indicated in the preamble of the statute in question, rights of action for breach of promise, alienation of affections, seductions and criminal conversation have resulted in grave abuses and their continuance is detrimental to the public interest.

There can be no doubt that such abuses have existed and that family relations, in some instances, instead of being safeguarded by the existence of such rights of action have suffered and been destroyed thereby.

The abuse of rights, however, does not necessarily justify their abolition. It is a question of power to end an existing right which is abused, and a question of policy to regulate the exercise and enforcement of rights beyond the reach of legislative mandate to destroy.

The precise question raised upon this motion and the one to which decision must be confined, relates solely to a cause of action for alienation of affections existing and accrued at the time of the enactment of chapter 263 of the Laws of 1935. A disposition of

this motion does not require a determination of the constitutionality of this statute so far as it relates to causes of action arising subsequent to its enactment or to other causes of action affected by the statute.

The cause of action of the plaintiff, according to the allegations of her complaint, was in existence at the time when the statute was enacted. This cause of action was not abolished, but its enforcement was curtailed and limited by a sixty-day period after the act took effect.

The defendant asserts that the Statute of Limitations as to existing causes of action being limited to sixty days is unreasonable. The Statutes of Limitations for personal injuries are, in the main shorter than in cases of breach of contract. (Civ. Prac. Act, §§ 48–50.) A limitation for the enforcement of a cause of action for alienation of affections has heretofore been fixed at six years. (Civ. Prac. Act, § 48; *Hall* v. *Smith*, 80 Misc. 85; *Deming* v. *Leising*, 214 App. Div. 398.)

Statutes of Limitations affecting existing rights are not unconstitutional if a reasonable time is given for the commencement of an action before the bar takes effect. There is no vested right in a fixed limitation and changes therein may be made by legislative power, provided adequate means of enforcing the right remain. (*Terry* v. *Anderson*, 95 U. S. 628.) If a legislative policy is not arbitrary or merely capricious, its decision as to what would best serve the public welfare is not to be overruled by the court. (2 Cooley Const. Lim. [8th ed.] chap. 16, pp. 1223–1230.) When limitations are curtailed by legislative enactment, the question as to whether the period provided for enforcing the existing right is a reasonable one is a question of law and one which must be decided upon the general consideration of all the circumstances and the object sought to be effectuated by the enactment. The public policy declared by the Legislature in creating the limitation is a proper consideration of what is reasonable. Its declaration that the article shall be liberally construed to effectuate this public policy, while not to be accepted as a mandate for the courts to declare an enactment constitutional when otherwise, is likewise an element in its determination as to whether a palpable error has been committed by the Legislature which justifies a decision that its enactment is invalid. (*Gilbert* v. *Ackerman*, 159 N. Y. 118.)

The limitation involved here may well be regarded as at the border-line between reasonable and unreasonable, and if the enactment was a mere shortening of limitation unrelated to questions of public policy, I would hesitate to say that adequate time had been provided by the Legislature.

In view of the purpose of the act and the presumption which prevails as to its constitutionality, I am constrained to hold that the period provided for the enforcement of existing and accrued causes of action for alienation of affections is a reasonable period, and that the enactment is valid in that respect.

This action was commenced by the service of a summons on October 17, 1935. The complaint alleges that the cause of action arose in the month of March, 1935, and plaintiff's attorney states in his brief that it arose prior to March 21, 1935. Chapter 263 of the Laws of 1935 took effect March 29, 1935. The cause of action having accrued at the time of the enactment of this statute and the action not having been commenced until subsequent to the expiration of the sixty-day period of limitation, the action is barred by such limitation.

Order may be entered granting the motion to dismiss the complaint, with costs.