**JOHN A. MAHOOD v. BESSEMER PROPERTIES INCORPORATED, a corporation.**

18 So. (2nd) 775                                    June Term, 1944
July 14, 1944                                                En Banc

*Thomas H. Anderson,* for appellant.

*Loftin, Anderson, Scott, McCarthy & Preston,* for appellee.

CHAPMAN, J.:

John A. Mahood, on August 16, 1943, by a written instrument agreed to purchase a piece of real estate owned by Bessemer Properties Incorporated situated in Dade County, Florida. The contract provided for the payment of the purchase price of the described property upon the delivery of a deed conveying a merchantable title. Bessemer Properties Incorporated tendered a deed to Mahood, which it contended conveyed a marketable title, but the conveyance was refused by Mahood because of an alleged cloud on the title then. of record in Dade County in the form of an agreement to sell the same real estate, dated January 9, 1925, by Miami Shores Company, a former owner, to John S. Benz. The Bessemer Properties Incorporated became the successor in interest of Miami Shores Company.

Some of the esential features of the 1925 purchase and sale agreement duly recorded in Dade County, Florida, are viz: (1) the purchase price was fixed at $2,350.00; (2) the sum of $587.50 was paid by Benz at the signing of the contract of sale; (3) the sum of $293.75 became due and payable each six months for thirty-six months; (4) the deferred payments were each evidenced by promissory notes of Benz payable to Miami Shores Company; (5) after payment of the

six notes Benz was to receive a warranty deed to the property; (6) numerous building restrictions attached to the property under the contract; (7) "It Is Mutually Agreed by and between the parties hereto that the time of payment shall be an essential part of this contract, and that all covenants and agreements herein contained shall extend to and be obligatory upon the heirs, executors, administrators, successors and assigns of the respective parties.

"The party of the second part shall pay all and singular the costs, charges and expenses, including attorney's fees and cost of examination of title, reasonably incurred or paid at any time by the party of the first part because of the failure of the party of the second part to perform, comply with and abide by each and every the stipulations, agreements, conditions and covenants herein contained, and every such payment shall bear interest from date at the rate of eight per cent. per annum.

"If any of the said sums of money herein referred to be not promptly and fully paid within thirty days after the same severally become due and payable, or if each and every of the stipulations, agreements, conditions and covenants of this contract are not fully complied with and abided by, the said aggregate sum then remaining unpaid shall become due and payable forthwith or thereafter, at the option of the party of the first part. . . ."

Counsel for plaintiff below and appellee here point out that the 1925 purchase and sale agreement, *supra,* is simply an unperformed contract of record which was cancelled by the several provisions of Chapter 20235, Acts of 1941, Laws of Florida; that the terms of the Act cancelled the 1925 purchase and sale agreement and thereby removed the cloud from the title of the described land and it is now the lawful duty of the defendant below and appellant here to accept the tendered deed and otherwise perform the several terms and conditions of his 1943 contract of purchase. Counsel for the appellee admit the enactment of Chapter 20235, *supra,* and that the 1925 purchase and sale agreement of record is now the only cloud against the title, but that it continues to exist as a cloud because Chapter 20235, *supra,* is void and uncon-

stitutional. The lower court decreed specific performance and the defendant appealed.

It is a matter of common knowledge that during the Florida land boom numerous contracts affecting the purchase and sale of land, similar to the one here presented, were made and entered into by those speculating in lands during the 1925 Florida land boom. Some of the contracts were placed of record while others were not. This Court takes judicial notice of the boom, its disastrous collapse and the subsequent deflation in Florida of real estate values. See Harbeson v. Mering, 147 Fla. 174, 2 So. (2nd) 886; Smith v. Massachusetts Mut. Life Ins., 116 Fla. 390, 156 So. 498, 95 A.L.R. 508.

Prior to the enactment of Chapter 20235, *supra,* this Court heard, considered and ruled upon similar contracts as here involved as constituting a cloud upon titles. The case of Rosenthal v. Largo Land Co., 146 Fla. 81, 200 So. 233, involved a contract of sale dated May 28, 1924. The sum of $7000.00 in cash was paid. The additional sum of $5,000.00 was to be paid in fifteen days and $22,000.00 more was to be paid within sixty days on the delivery of a deed conveying a merchantable title. Payments were not made nor the terms and conditions of the contract observed by the parties. Suit to quiet title was instituted in 1939, when Etta Rosenthal, a party, by apropriate pleadings requested the court to decree a return to her of the $7,000.00 previously paid under the terms of the contract and to decree an equitable lien therefor. We held that approximately 15 years had intervened since payment of the $7,000.00 without a bona fide effort of performing the contract and the vendor could treat the contract as abandoned and therefore was entitled to a decree quieting the title against the contract. This holding is but a reaffirmance of our ruling in Realty Securities Corp. v. Johnson 93 Fla. 46, 111 So. 532; Chubb v. Chadwick, 93 Fla. 114, 111 So. 538; Wilson v. Daniel, 94 Fla. 1140, 115 So. 527; Skipper v. Handley, 98 Fla. 1253, 121 So. 792. These and similar cases have been decided since the Florda land boom.

The contention is made that the title to Chapter 20235 is not broad enought to cover the body of the Act and therefore offends Section 16 of Article III of the Florida Constitution.

The answer thereto, arguendo, is that the defects, if any, were cured by the enactment of Chapter 20719, Acts of 1941, and Chapter 22000, Acts of 1943, Laws of Florida, being an Act to adopt and re-enact the Florida Statutes of 1941, including the General Acts of 1941 Regular Session of the Florida Legislature.

It is next contended that Chapter 20235, *supra,* is unconstitutional and void because it offends Section 33 of Article III of the Florida Constitution which provides that "no statute shall be passed lessening the time within which a civil action may be commenced on any cause of action existing at the time of its passage." In the case at bar it affirmatively appears that the plaintiff, Bessemer Properties Incorporated, succeeded to all the interest of Miami Shores Company, a party to the contract and owner of the described property. It follows that John S. Benz, if living, or if dead, his heirs or legal representatives, or assigns, are the only persons whose property rights, if any, are cancelled by the terms of Chapter 20235, *supra.* It appears from the record that neither John S. Benz, nor any person claiming by, through or under him, took or performed the steps necessary to bring themselves within the enumerated provisions of the Act, inclusive of the institution of suit within six months after April 26, 1941, for the enforcement of right acquired under the contract.

In the case of Realty Securities Corp. v. Johnson, *supra,* we held that parties have the right to make time of the essence of a contract if they so desire, and if it clearly and unequivocally appears from the contract, by means of some expressed stipulation, that time shall be essential, this expressed intention of the parties shall be recognized both in law and equity by the courts. John S. Benz, his heirs, legal representatives or assigns, have had nearly nineteen years in which to perform or carry out the terms of the contract but abandoned it.

Ordinarily our statutes of limitations run or operate against rights flowing to John S. Benz and those claiming through him under the 1925 land contract, and other similarly situated. It is unnecessary for a decision here to

commit ourselves to the statute barring the action or actions by Benz or those asserting claims under him. It is safe to conclude that the time provided by statute is considerably less than nineteen years. Thus we conclude that Chapter 20235 does not reduce or lessen the time within which a civil action may be commenced on any cause of action existing at the time of its passage, as provided for by Section 33 of Article III of the Florida Constitution. We have no inhibitions limiting an extension of the time by statutory enactment. In the case of Bryan v. Dade Muck Land Co., 75 Fla. 330, 78 So. 349, we, in part, said:

". . . The Constitution of Florida, Section 33 Article III, provides that no statute shall be passed lessening the time within which a civil action may be commenced on any cause of action existing at the time of its passage. Baugher v. Boley, 63 Fla. 75. But the Legislature is not limited in its power *to extend the time within which a suit may be brought* upon a cause of action existing at the time of the passage of the Act. . . ." (Emphasis supplied). State Bank of Orlando & Trust Co. v. Macy, 101 Fla. 141, 133 So. 877; 78 A.L.R. 1119; Re: Estate Ollie M. Woods, 133 Fla. 730, 183 So. 10; Lee v. Lang, 140 Fla. 782, 192 So. 490; Campbell v. Horne, 147 Fla. 523, 3 So. (2nd) 125.

It is next contended that Chapter 20235, *supra,* offends Section 4 of the Declaration of Rights of the Florida Constitution providing that all courts in Florida shall be open so that every person for an injury done him in his lands, goods, person or reputation shall have remedy, by due course of law, and right and justice shall be administered. . . . Likewise Section 10 of Article I of the Federal Constitution which provides that no State shall pass any . . . law impairing the obligation of contracts . . . also Section 1 of the Fourteenth Amendment to the Federal Constitution providing, in part, that no state shall make or enforce a law which shall abridge the privileges and immunities of citizens of the United States . . . or deny to any person within its jurisdiction the equal protection of the law. We have considered the cited authorities in support of this contention.

The contract rights protected by the cited provisions of

the Federal Constitution relate to property rights. See Douglas v. Kentucky, 168 U. S. 488, 42 L. Ed. 553, 18 S. Ct. 388. It must be made to appear that a lawful contract is in existence which is the subject of impairment. See Hudson County Water Co. v. McCarter, 209 U. S. 349, 53 L. Ed. 828, 28 S. Ct. 529. When a lawful contract is in existence regulating property rights and property rights have been acquired and vested by authority of law, subsequent legislation cannot divest the rights. See Carondelet Canal & Nav. Co. v. Louisiana, 233 U. S. 362, 58 L. Ed. 1001, 34 S. Ct. 627.

In construing the statute involved, in the light of the end manifestly sought to be attained by the Legislature, as disclosed by the title to the original act, it is clear that the Act may be so legitimately construed as to effect the purpose designed and at the same time rid the statute of such features as may be though violative of the impairment of the contract or due process clauses of our organic law.

The original act is entitled, "An Act to Remove from the Titles to Real Estate the clouds of unperformed contracts of record." Patently the purpose of the statute is to stabilize land titles and to stimulate and encourage sales of real estate to third persons. The legislative intent is that subsequent purchasers and others acquiring an interest in the land more than six months after the effective date of the Act shall be protected against stale demands based on boom-time contracts where the conditional purchaser has not gone into possession or has not taken steps otherwise to further evidence or consummate the transaction. It is clear that it was not the legislative purpose that the Act should operate to cut off such interests in land as the contract purchaser might have had while such land was owned and possessed by the original vendor.

The statute reads: "Whenever any one shall have contracted to purchase real estate in the State of Florida, prior to January 1, 1930, by written agreement requiring all payments to be made within ten years, from the date of the contract, or has accepted an assignment of such an agreement, and the fact of the existence of such a contract of purchase, or assignment, appears of record from the instru-

ment itself or by reference in some other recorded instrument, and shall not have obtained and placed of record a deed to the property or a decree of a court of competent jurisdiction recognizing his rights thereunto, and is not in actual possession of the property covered by the contract or by the assignment, as defined in Section 95.17, F.S. 1941, *he, his widow, heirs, personal representatives, successors and assigns, shall have no further interest in the property described in the contract, or* the assignment, by virtue thereof, . . . etc." (Italics supplied).

If the italicized portions of the statute are read: ". . . he, his widow, heirs, personal representatives, successors and assigns, shall have no further interest in the property described in the contract, or the assignment, by virtue thereof, *as against purchasers, mortgagees or other persons acquiring an interest in the property subsequent to six months after this statute shall have become operative, . . .*" etc., then the statute becomes perfectly valid, is within the original title to the Act, and accomplishes that which the Legislature manifestly desired should be accomplished, without being susceptible to the attacks directed against it.

In determining whether legislation violates the contract clause, the question is not whether the legislation affects contracts incidentally, directly or indirectly, but whether it is addressed to a legitimate end and the measures taken are reasonable and appropriate to that end. See Home Bldg. & Loan Ass'n. v. Blaisdell, 290 U. S. 398, 78 L. Ed. 413, 54 S. Ct. 231, 88 A.L.R. 1481. The contract clause does not restrict the power of the State to legislate under the police power on the theory that such power cannot be contracted or bartered away. See Atlantic Coast Line R. Co. v. Goldsboro, 232 U. S. 548, 58 L. Ed. 721, 34 S. Ct. 364.

The remedial law in force at the time the contract is made enters into and becomes a part thereof, but the parties to the contract have no vested right under the contract clause of the Federal Constitution, in the particular remedy or modes of procedure then existing. It may be assumed that the parties made their contract with knowledge of the power of the State to change the remedy or method of enforcing

the contract, which may be done by a state without impairing contract obligations. See Pittsburgh Steel Co. v. Baltimore Equitable Society, 226 U. S. 455, 57 L. Ed. 297, 33 S. Ct. 167. A state may by legislative enactment modify existing remedies and substitute others without impairing the obligation of contracts, provided a sufficient remedy be left or another sufficient remedy be provided. See Waggoner v. Flack, 188 U. S. 595, 47 L. Ed. 609, 23 S. Ct. 345.

An existing law of limitations is not a part of a contract. The Legislature has the constitutional power to reduce or shorten the time in which to enforce demands flowing from a contract without impairing its obligation. See Wheeler v. Jackson, 137 U. S. 245, 34 L. Ed. 659, 11 S. Ct. 76; 12 Am. Jur. 89-90, par. 445; 16 C.J.S. 801, par. 356. A statute providing that within a reasonable time after its passage existing contracts shall be filed or recorded is constitutional. See Henley v. Myers, 76 Kan. 723, 93 Pac. 168. A statute imposing additional duties on the owner of a contract so that the same may be preserved is not void nor is a statute void which allows a reasonable time or notice prior to steps for enforcement. See State ex rel. Natl. Bond Security Co. v. Krahmer, 105 Minn. 422, 117 N. W. 780.

The several provisions of the Act challenged does not cancel or render void the contract dated in January, 1925, when read in the light of the construction that we have placed upon it. It simply imposes a duty or burden on John S. Benz, or those claiming under him, to do additional enumerated things viz: within six months after the effective date of the Act to: (1) place on the record a deed or conveyance of the property from the holder of the record title; (2) place on the record a written instrument executed by the holder of the record title evidencing an extension or modification of the original contract showing that the same is now in force; (3) institute a suit for the enforcement of the contract. It cannot be said that the six months period provided for by the terms of the Act in which to accomplish requirements (1), (2) and (3) is unreasonable when considered in the light of this record. Approximately 17½ years intervened from the date this contract was signed until John S. Benz

was commanded by the terms of Chapter 20235 to perform either provision of (1), (2) or (3) *supra*. In Rosenthal v. Largo· Land Co., *supra,* we held the vendee had *abandoned* her contract, similar to the one here presented, approximately 15 years after paying $7,000.00 and signing the contract, but neglected during the 15 years to carry out the terms and provisions of the contract.

Time was of the essence of the contract of sale signed by John S. Benz. A default by him for 30 days in payment of either installment, after maturity thereof, by the terms of the .instrument, caused the entire sum to mature and become due and payable. The payments under the contract matured in 3½ years and less than ten years after January, 1925. See Realty Securities Corp. v. Johnson, *supra*. The Act does not impair the obligation of the contract, as we now construe the Act, but simply grants six additional months in which to reinstate the contract; neither does it deny to John S. Benz the equal protection nor deprive him of the right to litigate in the courts of Florida his contract rights. The decree appealed from is affirmed.

It is so ordered.

TERRELL, THOMAS and SEBRING, JJ., concur.

ADAMS, J., concurs specially.

BUFORD, C. J., and BROWN, J., dissent.

ADAMS, J., concurring specially:

The appeal in this case questions the constitutionality of Chapter 20235, Laws of Florida, 1941. (Sec. 695.20, F.S. '41, F.S.A.) The pertinent part of which is Section 1:

"Whenever anyone shall have contracted to purchase real estate in the State of Florida, prior to January 1, 1930, by written agreement requiring all payments to be made within ten years from the date of the contract, or has accepted an assignment of such an agreement, and the fact of the existence of such a contract of purchase, or assignment, appears of record from the instrument itself or by reference in some other recorded instrument, and shall not have obtained and placed of record a deed to the property or a decree of a court of competent jurisdiction recognizing his rights thereunto,

and is not in actual possession of the property covered by the contract or by the assignment, as defined in Sec. 95.17 (he, his widow, heirs, personal representatives, successors and assigns, shall have no further interest in the property described in the contract, or the assignment, by virtue thereof,) and the record of such contract, assignment or other record reference thereto, shall no longer constitute either actual or constructive notice to a purchaser, mortgagee, or other person acquiring an interest in the property, unless within six months after this law shall take effect, [approved April 26, 1941] he or some one claiming under him shall:

(1) Place on record a deed or other conveyance of the property from the holder of the record title; or

(2) Place on record a written instrument executed by the holder of the record title evidencing an extension or modification of the original contract and showing that the original contract remains in force and effect; or

(3) Institute, or have pending, in a court of competent jurisdiction a suit for the enforcement of his rights under such contract."

Appellant contends the act is violative of Article III, Section 33, Florida Constitution:

"No statute shall be passed lessening the time within which a civil action may be commenced on any cause of action existing at the time of its passage."

That it violates Section 4, Declaration of Rights, Florida Constitution.

That it impairs the purchaser's contract and denies him the equal protection of the law as secured by the Fourteenth Amendment to the United States Constitution.

And last that the title is bad by not conforming to Article III, Section 16, Florida Constitution.

The objection based upon Article III, Section 33, forbidding the passage of Acts lessening the time within which civil actions may be commenced is the only one that deserves serious consideration. Such considerations, however, is minimized because it has been held uniformly that acts shortening statutes of limitations do not violate constitutional provisions against the impairment of contracts if a reason-

able time is allowed for bringing action. Sammis v. Bennett, 32 Fla. 458, 14 So. 90; Re: Estate Ollie M. Woods, 133 Fla. 730, 183 So. 10; Terry v. Anderson, 95 U. S. 628, 24 L. Ed. 365; Vance v. Vance, 108 U. S. 514, 2 S. Ct. 854, 27 L. Ed. 808; Evans v. Finley, 166 Ore. 227, 111 P. 2d 833, 133 A.L.R. 1318; Campbell v. Horne, 147 Fla. 523, 3 So. 2d 125; Key v. Jones, (Tex.) 191 S.W. 736; Mulvey v. City of Boston, 197 Mass. 178, 83 N.E. 402; Lewis v. Crowell, 205 Mass. 497, 91 N.E. 910; Vanderbilt v. Hegeman, 284 N.Y. Supp. 586, 157 Misc. 908; Tipton v. Smythe, 78 Ark. 392, 94 S.W. 678, 115 Am. St. Rep. 44, 7 L.R.A. (N.S.) 714, 8 Ann. Cas. 521; Wheeler v. Jackson, 137 U. S. 245, 11 S. Ct. 76, 34 L. Ed. 659; People v. Turner, 117 N.Y. 227, 22 N.E. 102, 15 Am. St. Rep. 498, affirmed 168 U.S. 90, 18 S. Ct. 38, 42 L. Ed. 392.

The objection to the title to the Act must fail because the Act has been reenacted into the gerenal revision. See Chapter 22000, Acts of 1943 and McConville v. Fort Pierce Bank & Trust Company, 101 Fla. 727, 135 So. 392.

BUFORD, C. J., dissenting:

I think that part of Sec. 1 of Chapter 20235, Acts of 1941, reading as follows: "and shall not have obtained and placed of record a deed to the property or a decree of a court of competent jurisdiction recognizing his rights thereunto, and is not in actual possession of the property covered by the contract or by the assignment, as defined in paragraph 2935 (2) of the Revised General Statutes of 1920 (par. 4655 (2) Compiled General Laws of Florida, 1927) he, his widow, heirs, personal representatives, successors and assigns, shall have no further interest in the property described in the contract, or the assignment, by virtue thereof," is void and of no effect because it proposes to deprive one of the property rights without due process of law. This is true because one who contracted prior to January 1, 1930, to purchase a parcel of real estate fully performed his contract, received a good and sufficient deed of conveyance from the grantor, but failed to record and thereafter lost his deed, is deprived of his vested property right, viz: his title to the land which he acquired by the deed without having his day in court, without

being made a party to any suit in which his title is challenged, and without any notice other than the enactment of the statute, which I think is not effective to, of itself, deprive one of vested title.

Assuming that this part of the Act is unconstitutional and void, the decree should be reversed.

BROWN, J., concurs.