106 So.2d 401 (1958)
STATE of Florida, Appellant,
v.
George ALTMAN, alias Georgie Boy, and Juddie Talbot, Appellees.
Supreme Court of Florida.
October 31, 1958.
Rehearing Denied December 3, 1958.
Richard W. Ervin, Atty. Gen., and Reeves Bowen, Asst. Atty. Gen., for appellant.
D.J. Bradshaw of Scofield & Bradshaw, Inverness, for appellees.
DREW, Justice.
The State has appealed from an order of the Circuit Court for Sumter County quashing count one of an information charging that appellee:
"did unlawfully have in [his] possession approximately 140 gallons of moonshine whiskey, being an alcoholic beverage not made or manufactured in *402 accordance with, or pursuant to the regulatory provisions of the laws of the State of Florida."
The opinion of the court below[1] was that it had no jurisdiction under this count because of the invalidity of the statute which *403 purported to make the offense charged a felony which would be cognizable in that forum,[2] and the appeal is made directly to this Court by reason of that finding.[3]
*404 The applicable provisions of the law appear as Section 562.451, Florida Statutes, F.S.A.[4]
The contentions of appellee in attacking this statute are, in essence: that the controlling provision, sub-section 562.451(4), penalizes the possession of "moonshine whiskey" in a blanket fashion; that in sub-section (2), of earlier origin, this term is used to refer to whisky in a certain state of manufacture without limitation to that of contraband character; that the words "moonshine whisky" must be interpreted uniformly throughout this section, and when this is done there results an obvious conflict between sub-section (2), which provides that possession of moonshine whisky shall be only of evidentiary significance, and sub-section (4), and also (3), which provide that possession of moonshine whisky shall be penalized as a substantive offense.
Appellee further contends that if this conflict is resolved by accepting the later legislative pronouncement[5] in sub-section (4), then the act by which that section was incorporated in the law, Chapter 29964, Laws of Florida 1955, is invalid because its title did not indicate that the law was being altered in this respect;[6] and that the re-enactment of this provision in compilation form, which is said to cure such defects,[7] cannot operate to sustain the law because, if such legislative action is relied *405 upon to correct a defect in the original enactment, then it would have to be construed as re-vivifying the entire section, including sub-section (2), resulting again in a statute which is conflicting within itself and, by the usual rule with respect to strict construction of criminal laws,[8] unenforceable.
The State, by adopting the position on this appeal that sections (3) and (4) operated to repeal the earlier provisions, recognizes the existence of a conflict and appears to concede that in the Florida beverage law the term "moonshine whisky" is used in a broad sense to mean green or raw whisky in general, identifiable by a characteristic flavor or odor, without regard to the legality or illegality of its manufacture. The fact that this Court in an earlier decision took judicial cognizance that "that commodity known as moonshine whiskey is an alcoholic liquor manufactured without the protection of, and contrary to, law in respect to which no tax is either levied or may be collected"[9] cannot alter the controlling effect of the subsequent legislative usage of the term in a different sense when it incorporated such language in the statute.[10] Certainly the definition in Brown v. State, note 9 supra, cannot be read into sub-section (2), as there could be no rational purpose or explanation for a legislative provision that possession of illicitly manufactured whisky should be "prima facie evidence that the same was not made or manufactured in accordance with" our law.[11]
From this analysis the conclusion is inescapable that Chapter 29964, supra, did more than provide a new penalty for a previously defined offense. Sub-section 562.451(1) had, of course, theretofore proscribed the possession of alcoholic beverage not "made or manufactured in accordance with the regulatory provisions of the laws of the state," but the reasoning above demonstrates the necessity, under the terms of the companion provision simultaneously enacted, for giving the term "moonshine whisky" a broader connotation, i.e. sub-section (2) obviously contemplated that one might under some circumstances possess moonshine whisky which was not illicit, otherwise possession of such would not be rebuttable evidence of possession of contraband.
The declarations in the title to Chapter 29964[12] were very similar to those contained in the title to Chapter 23746, Laws of Florida, 1947,[13] an earlier act amending *406 the same section only by adding a sub-section (3) to provide a specific penalty for "any person violating any provisions of this law," where violations were formerly punishable only as misdemeanors under related provisions elsewhere in the law. Ths latter act, which did not in any way alter the existing provision (sub-section [2]) that possession of moonshine was merely prima facie evidence of an offense, nevertheless contained, among the enumerations of amendments to some twenty different sections of the beverage laws, a declaration that it was an act "Prohibiting the Possession of Moonshine Liquor; and Providing for Penalties for the Violation of the Beverage Law." Chapter 29964, so far as here material, was entitled as an act simply "amending Sub-section (3) of Section 562.451, Florida Statutes, and adding a new Subsection (4) thereto, providing for penalties for possession of mash, wort, wash or moonshine liquor."
Even assuming that this might in other circumstances be adequate to encompass the enactment of new provisions such as sub-sections (3) and (4), supra, and assuming, but not deciding, that such a blanket prohibition, penalizing possession of a particular beverage whether or not illicitly produced, could properly be included in an act purportedly aimed at amending beverage tax laws,[14] the title made no reference to its effect as altering sub-section (2) which was the only provision theretofore dealing specifically with moonshine whisky, nor did it indicate that for the first time all moonshine was to be denominated contraband, or that acts that were not previously punishable were to become so. The constitutional inhibitions in this respect were disregarded, and it could not be seriously argued that as a practical matter the title would put one on notice of any such result.[15]
For the reasons above noted, the re-enactment of this provision in the process of statutory compilation does not bolster the appellant's position and the trial court properly concluded that, under the rules of construction applicable to penal laws in general, section 562.451(4) is invalid, and the information predicated thereon must fall.[16]
Affirmed.
TERRELL, C.J., and THORNAL and O'CONNELL, JJ., concur.
ROBERTS, J., dissents.
NOTES
[1] "Motion to quash was filed to both Counts of the Information and Count 1, which is brought under Fla. Stat. Section 562.451, was challenged, among other reasons, on the ground that the Circuit Court does not have jurisdiction, since the Statutes fail to clearly make the crime with which the defendants are charged a felony. It is not contended for the purpose of this particular ground in the motion to quash that a crime is not charged, but the contention is that the crime charged is a misdemeanor and that the Statute is wholly insufficient to make it a felony.

"Section 562.451, Florida Statutes [F.S.A.], is as follows: * * *
"From the above it will be seen that paragraph (1) defines the crime and makes it a crime to own any mash, wort, wash or alcoholic beverage unless the same shall have been made or manufactured in accordance with the regulatory provisions of the laws of the State. This apparently refers to any and all mash, wort, wash or alcoholic beverage. Moonshine whiskey, as such, is not specifically named or mentioned in this paragraph and this is the paragraph which defines the crime.
"Paragraph (2) of this Statute deals with evidence and provides that the possession of any mash, wort, wash or any beverage commonly known as moonshine whiskey shall be prima facie evidence that the same was not made or manufactured in accordance with the regulatory provisions of the laws of Florida pertaining thereto. Since such possession is not made conclusive evidence, but only prima facie evidence, it must, of necessity, mean that there are two kinds of mash, wort, wash and moonshine whiskey and that evidence could be offered rebutting the fact that the particular mash, wort, wash or moonshine whiskey had not been made or manufactured in accordance with the regulatory provisions of the laws of Florida pertaining thereto.
"Webster's New International Dictionary, 2nd Edition, Unabridged, defines `prima facie evidence' as evidence sufficient in law to raise a presumption of fact or establish the fact in question, unless rebutted.
"In the case of Thomas v. Williams [on], 40 So. 831, 51 Fla. 332, the Supreme Court of Florida held: `Prima facie evidence is such as in the judgment of the law is sufficient to establish the fact, and, if unrebutted, remains sufficient for that purpose. The Statutes having made the probate of wills conclusive as to personalty and "prima facie evidence" of the validity of wills as to real property * * *.' [sic]
"48 C.J.S. Intoxicating Liquors § 371, p. 552:
"d. (1). * * * `Although a statute makes the finding of intoxicating liquor in the possession of accused prima facie evidence that such liquor is moonshine liquor, such evidence is subject to be rebutted, and is sufficiently rebutted by showing that the liquor so found was bonded liquor.'
"It is contended that the case of Brown v. State [152 Fla. 853], 13 So.2d 458 is controlling, wherein the Court stated:
"`It is a matter of common knowledge of which this Court must take judicial cognizance that that commodity known as moonshine whiskey is an alcholic liquor manufactured without the protection of and contrary to law, in respect to which no tax is either levied or may be collected.'
"Attention is called, however, to the fact that this case was decided on June 4, 1943, and that Section 562.451, Florida Statutes, [F.S.A.], under which these defendants are being prosecuted, first became a law in 1945, which was after the decision in the Brown v. State case.
"If the Legislature accepted the interpretation of the Supreme Court that all moonshine whiskey was illicit, then paragraph (2) of this section of the Florida Statutes was wholly unnecessary, and if the Legislature thought such a section was necessary, then no doubt the Legislature would have used the word `conclusive' evidence instead of `prima facie evidence' if they had accepted the finding that all moonshine liquor was illicit. The use of the word `prima facie' evidence would indicate that the Legislature recognized that at this later date there actually existed two possible types of moonshine liquor which were indistinguishable in quality and one of which could be legal and the other illegal.
"Moonshine is defined in Webster's New International Dictionary, 2nd Edition, Unabridged, as `liquor, especially whiskey illicitly distilled'; which would also indicate that there were two kinds, although, of course, the preponderant kind would be illicitly distilled. It has been suggested, although it has not been proved nor does this Court take judicial knowledge, that moonshine whiskey is being legally manufactured in Georgia and Kentucky and legally sold in Florida, with the proper stamps, and contains advertising data to the effect that it is guaranteed not to be over thirty days of age. Reputedly it is sold under trade names such as Old Saratoga, Kentucky Corn, Cotton Picker, etc. Whether this is true or not, it would certainly seem possible that whiskey could be legally manufactured under circumstances complying with the law and with taxes being paid, in a manner similar to that now being employed in the manufacture of illicit moonshine whiskey, with the exception possibly of being hidden in a swamp, which whiskey thus legally manufactured could have the same smell and the same taste as illicit moonshine whiskey. In fact the Supreme Court of Florida apparently has definitely recognized this possibility, for in the case of Byrd v. State [Fla.], 80 So.2d 694, decided April 29, 1955, this Court in stating the facts said:
"`Thereafter the sheriff and others walked around the truck and apparently with the aid of a flashlight or automobile lights discovered dripping from a side door a substance which they then and there purported to identify as moonshine whiskey, whereupon they arrested and handcuffed the appellant * * *,' (emphasis supplied).
"In passing upon these facts and as to whether or not evidence obtained by reason of a search without warrant based on such evidence should be suppressed, the Court said:
"`The law seeks to prevent the transportation of contraband whiskey, i.e., whiskey upon which THE REQUIRED tax has not been paid, and although the officers saw, tasted and smelled the substance dripping from appellant's truck and pronounced it to be whiskey, it is obvious that they could not identify it as contraband whiskey because no one can discover the absence of a revenue stamp by such tests.'
"It will be seen, as quoted above, that the Supreme Court knew in this case that the officers were testifying that the whiskey they smelled and tasted was moonshine whiskey, so that if all moonshine whiskey is illicit then the officers would have thus known that this particular whiskey was illicit and contraband and would therefore have been justified in making the search without a search warrant.
"There could hardly have been any question about the officer being legally qualified to testify or determine from its taste and smell that the whiskey was in fact moonshine whiskey.
"23 C.J.S. Criminal Law § 865, p. 75:
"`One need not be an expert or analyst or have technical knowledge to be qualified to testify that particular liquor was * * * moonshine or corn whiskey.'
"Paragraph (3) of Fla. Stat. 562.451 [F.S.A.] deals only with such alcoholic beverage as is commonly known as moonshine whiskey and provides that anyone possessing less than one gallon of moonshine whiskey shall be guilty of a misdemeanor. No distinction is made between moonshine whiskey which was made or manufactured or which was not made or manufactured in accordance with the regulatory provisions of the laws of Florida, and no penalty is provided here or anywhere else in this statute for the possession of less than one gallon of any alcoholic beverage other than moonshine whiskey.
"Paragraph (4) of this statute must be valid and sufficient to make the crime charged in Count 1 of the Information a felony, or else this Court would not have jurisdiction. Paragraph (4) apparently provides that the possession of any mash, wort, wash or the possession of one gallon or more of moonshine whiskey is a felony. No penalty is prescribed in the statute for the possession of any other alcoholic beverage, other than moonshine whiskey, which has not been made or manufactured in accordance with the regulatory provisions of the laws of Florida.
"Thus it will be seen that this paragraph, which is the only one under which the alleged crime could be called a felony, is actually not in harmony with, and is in fact contradictory to, both paragraph (1) and paragraph (2) which preceded it. This paragraph (4) does not say that the possession of any mash, wort, wash or one gallon or more of moonshine whiskey which is not made or manufactured in accordance with the regulatory provisions of the laws of the State, or even contrary to the provisions of paragraph (1) of this act, shall be a felony, but rather provides that the possession of any mash, wort, wash or one gallon or more of moonshine whiskey, whether legal or otherwise, shall be a felony; and again, the same as in paragraph (3), no penalty is provided for the possession of any alcoholic beverage, other than moonshine whiskey, not made or manufactured in accordance with the regulatory provisions of the laws of the State of Florida.
"Criminal statutes should, of course, be strictly construed and for the reasons assigned above it is the opinion of this Court that paragraph (4) of Florida Statutes Section 562.451, is invalid.
"The grounds assigned in the motion to quash Count 2 of the Information have been carefully examined, but the Court finds that they are without merit and that the Court is sufficient. Motion to quash Count 1 of the Information will be granted, and motion to quash Count 2 will be denied."
[2] The Florida Constitution, Art. V, Sec. 6(3), F.S.A., vests in circuit courts jurisdiction in all criminal cases "not cognizable by subordinate courts." The County Court of Sumter County, organized by Chapter 15959, Laws of Florida 1933, has jurisdiction of all misdemeanors, there being no Criminal Court of Record in said County. Sections 8 and 9 of Article V, effective July 1, 1957. Also see Sections 18 and 19 of former Art. V.
[3] Sec. 4(2), Art. V, Florida Constitution.
[4] "(1) It is unlawful for any person to own or possess within this state any mash, wort, wash or any alcoholic beverage unless the same shall have been made or manufactured in accordance with the regulatory provisions of the laws of the state.

"(2) The possession in this state by any person of any mash, wort, wash, or any beverage commonly known as moonshine whisky shall be prima facie evidence that the same was not made or manufactured in accordance with the regulatory provisions of the laws of Florida pertaining thereto.
"(3) Any person owning or possessing less than one gallon of any alcoholic beverage, commonly known as moonshine whisky, shall be guilty of a misdemeanor and shall upon conviction be punished by imprisonment in the county jail for not more than six months or by fine of not more than $500.00.
"(4) Any person owning or possessing within this state any mash, wort, wash or one gallon or more of any alcoholic beverage commonly known as moonshine whisky, shall be deemed guilty of a felony on the first offense and each subsequent offense and shall be punished by imprisonment of not more than five years or fined not more than $5,000.00."
[5] Routh v. Richards, 103 Fla. 752, 138 So. 69, 71.
[6] Sec. 16, Art. III, Fla. Const.
[7] Christopher v. Mungen, 61 Fla. 513, 55 So. 273, 280; McConville v. Ft. Pierce Bank & Trust Co., 101 Fla. 727, 135 So. 392, 394; Mahood v. Bessemer Properties, Inc., 154 Fla. 710, 18 So.2d 775, 778, 153 A.L.R. 1199.
[8] Bradley v. State, 79 Fla. 651, 84 So. 677, 10 A.L.R. 1129; 9 Fla.Jur., Crim. Law, Secs. 17, 18.
[9] Brown v. State, 1943, 152 Fla. 853, 13 So.2d 458, 461.
[10] Sub-section 562.451(2), supra.
[11] See paragraphs 6 to 8 of opinion of lower court in footnote (1).
[12] "An Act relating to the beverage law enforcement; amending Section 562.09, Florida Statutes, providing for package store restrictions; amending Section 562.13, Florida Statutes, prohibiting employment of minors and certain other persons by certain vendors; amending Section 562.23, Florida Statutes, providing for conspiracy to violate beverage law and penalty; amending Section 562.45, Florida Statutes, providing penalties for violating beverage law; amending Sub-section (3) of Section 562.451 Florida Statutes, and adding a new Subsection (4) thereto, providing for penalties for possession of mash, wort, wash or moonshine liquor; amending Subsections (2) (3) and (4) of Section 562.49, Florida Statutes, providing for exceptions of wines, used for sacramental and religious purposes from restrictions, regulations and taxation; and providing for effective date."
[13] "An Act Amending Sections 561.05, 561.20, 561.29, 561.32, 561.34, 561.42, 561.43, 561.44, 561.45, 561.47, 561.54, 562.02, 562.09, 562.10, 562.11, 562.14, Florida Statutes 1941, and Section 9 of Chapter 22669, Laws of Florida, Acts of 1945, also designated as Section 562.45-1, 1945, Cumulative Supplement, Florida Statutes, 1941, All Relating to the Administration, Regulation, Taxing, Transportation, Manufacturing, Distribution and Sales Under the Beverage Laws of the State of Florida and the Enforcement Thereof; and Providing for the Issuance, Renewal, Revocation, Suspension and Transfer of Beverage Licenses and the Method and Time in Which Appeals from Orders of Revocation and Suspension Shall Be Made; and Providing to Limit According to Population the Number of Licenses to Be Hereafter Issued; and Providing for the Manner, Method and Terms of Sale By Distributors, and Prohibiting Financial Aid and Assistance to Vendors; and Providing for Zoning by Municipalities and Counties; and Prohibiting Possession of Beverages on Licensed Premises Not Permitted to Be Sold Under Licenses; Governing Sales of Beverages and Merchandise in Package Stores; Regulating Sales Where Consumption of Beverage Is Permitted on Premises; Prohibiting the Selling, Giving or Service of Alcoholic Beverages to Minors; Regulating the Hours of Sale of Alcoholic Beverages; Prohibiting Possession of Moonshine Liquor; and Providing for Penalties for the Violation of the Beverage Law, Chapters 561 and 562, Florida Statutes, 1941, as Amended, Including Amendments Made By This Law; and Repealing Sections 561.21, 561.30 and 561.31, Florida Statutes, 1941."
[14] Sec. 16, Art. III, Fla. Const.
[15] Ibid.
[16] Locklin v. Pridgeon, 158 Fla. 737, 30 So.2d 102; Miami Laundry Co. v. Florida Dry Cleaning & Laundry Bd., 134 Fla. 1, 183 So. 759, 119 A.L.R. 956; Bradley v. State, note 8 supra.