IN THE MATTER OF THE ESTATE OF OLLIE M. WOODS, DECEASED: D. E. RICHARDS, CLAIMANT AND APPELLANT.

183 So. 10.
Opinion Filed August 1, 1938.

*Boone & Boone,* for Appellant;

*Alonzo Wilder,* for Appellee.

BROWN, J.—It appears from the "agreed statement of facts and stipulations of parties (T. R. 25-28) that on January 6, 1926, Ollie M. Woods, deceased, executed and delivered a note in the sum of $6,250.00 to D. E. Richards, appellant. The note was payable on or before thirty days

after date, with interest at eight per centum until fully paid. On October 10, 1934, the said Ollie Woods died and thereafter Josephine Woods was appointed and qualified as administratrix of his estate. The first publication of notice to creditors was had on November 5, 1934.

On October 15, 1935, D. E. Richards filed his claim against the estate in the County Judge's Court in and for Dade County, Florida, based upon the promissory note. Thereafter on November 8, 1935, on the motion of the administratrix, an order was entered in said County Judge's Court striking from the files and records of the said probate proceedings the claim of D. E. Richards. Richards duly appealed to the Circuit Court from this order of the County Judge and the order was affirmed. From this order of affirmance, this appeal was taken.

The appellant Richards started a law action on November 5, 1935, for the purpose of recovering on the promissory note. The administratrix as defendant in that action filed two pleas to the declaration pleading the eight months statute of nonclaim to the plaintiff's right to recovery upon said promissory note. The plaintiff filed a demurrer to the two pleas, attacking the constitutionality of the eight month statute of nonclaim in so far as the same is applicable to the cause of action sued upon. The Circuit Judge overruled the demurrer. The same issues were raised by the appeal from the order striking the claim of D. E. Richards as was raised by the demurrer to the pleas filed in the law action; so it was stipulated by the parties that the law action be stayed pending this appeal from the Circuit Court's affirmance of the order of the County Judge striking said claim.

The primary question raised on this appeal is whether or not Sections 119 and 120 of the 1933 Probate Act, being Sections 5541 (91) and 5541 (92) of the Permanent Sup-

plement to Compiled General Laws of Florida, are constitutional as applied to the appellant and the admitted facts herein.

Appellant first claims that these two sections, as applied to the facts in the present case, are violative of the Florida Constitution, Article II, Section 33, which provides:

"No Statute shall be passed lessening the time within which a civil action may be commenced on any cause of action existing at the time of its passage."

The promissory note became due on February 6, 1926. The law in effect at that time was Chapter 10119, of the Acts of 1925, which provided that all administrators or executors shall publish a notice once a week for *eight* consecutive weeks and all claims or demands should be presented to the county judge within *twelve months* from the time of the first publication of said notice. "Any claim or demands not presented within twelve months from the time of the first publication of notice provided for shall be barred by limitations."

In 1933 the present Probate Act became effective and Sections 119 and 120 of that Act lessened the time of publication of notice to creditors from eight weeks (as provided for in the 1925 Act) to four weeks, and lessened the time in which a creditor might file his claim from twelve months to eight months from the time of the first publication of notice.

Appellant Richards filed his claim in less than twelve months after publication of notice, but seventy days after the eight month period had run. It is contended by appellant that as his cause of action arose before the 1933 Probate Act was passed, lessening the time in which to file his claim, that these two sections of the Probate Act are unconstitutional as a violation of the above quoted Article III, Section 33, of the Florida Constitution, in so far as

it affects his claim; and that he is entitled to the twelve month period allowed him under the 1925 Act; that a liberal application should be made of Section 33 of Art. III in order to prevent the working of injustice upon appellant, and others similarly situated; citing Ellison as Admr. v. Allen, 8 Fla. 206; Baugher v. Boley, 63 Fla. 75, 58 So. 980; State Bank of Orlando & Trust Co. v. Macy, 101 Fla. 140, 133 So. 876; Ramseyer v. Datson, 120 Fla. 414, 162 So. 904. While there are some expressions in some of these cases favorable to appellant's contention, none of them, as we read them, are strictly in point here, as to the matters actually decided. There is a wide distinction between general statutes of limitation and the so-called short, special nonclaim or administrative statute of limitations under which claims against estates of deceased persons must be presented, and in some instances prosecuted, with a given time after the administration of an estate begins and notice is published for the benefit of creditors. Not only is the purpose of these nonclaim statutes different, but the event which starts the period to running and makes them effective is different. General statutes of limitation begin to run when the cause of action arises, but nonclaim statutes do not become effective except as to claims against decedent's estates and only after an administrator has been appointed, and letters of administration issued and notice given to the creditors as required by the statute. Our Court has recognized a distinction bewteen these two classes of statutes in the case of Bradford v. Shine, 13 Fla. 393.

In the case of Brooks v. Federal Land Bank of Columbia, 106 Fla. 412, 143 So. 749, Justice ELLIS, speaking for the Court, rightly said:

"A statute of nonclaim while partaking of the nature of a statute of limitation is not wholly such. It constitutes

part of the procedure of the court, the orderly, expeditious, and exact settlement of the estates of decedents, and constitutes part of the procedure which courts must observe in the settlement of estates of deceased persons, and, where no exemption from the provisions of a statute exist, the court is powerless to create one. If such were not the case the settlement of an estate might be deferred indefinitely and heirs and legatees, the rightful owners of the property of the estate or beneficiaries of the will of the decedent, kept out of the enjoyment of their possessions and deprived of the benefits secured to them by the laws of the State for such unreasonable time as to practically deprive them of their property."

See also Smith v. Fechheimer, 124 Fla. 727, 169 So. 395; Jefferson Standard Life Ins. Co. v. Estate of Lovera, 125 Fla. 628, 171 So. 512.

We are of the opinion that a reasonable construction of Section 33 of Article III makes it applicable primarily to general statutes of limitations, and that it cannot be said with logic or reason that this section was violated in the present case. The twelve month statute of nonclaim under the former statute was never applicable to the appellant's claim, as Ollie Woods did not die while the 1925 statute was in force. Appellant never had the right to apply the 1925 statute against the estate of Ollie Woods as that statute never began to run against Woods. When Woods died in 1934, the aforesaid Sections 119 and 120 of the 1933 Probate Act were in force. This was the only nonclaim statute that ever affected the appellant's claim. See Sections 119 and 120 of Chapter 16103, Acts of 1933. Said Section 120 reads as follows:

"Section 120. FORM AND MANNER OF PRESENTING CLAIMS—LIMITATION.—No claim or demand, whether due or not, direct or contingent, liquidated or unliquidated, or

claim for personal property in the possession of the personal representative or for damages, shall be valid or binding upon an estate, or upon the personal representative thereof, or upon any heir, legatee or devisee of the decedent, unless the same shall be in writing and contain the place of residence and post office address of the claimant and shall be sworn to by the claimant, his agent or attorney and be filed in the office of the County Judge granting letters. Any such claim or demand not so filed *within eight months* from the time of the first publication of the notice to creditors shall be void even though the personal representative has recognized such claim or demand by paying a portion thereof or interest thereon or otherwise; provided, however, that the lien of any duly recorded mortgage and the lien of any person in possession of personal property and the right to foreclose and enforce such mortgage or lien shall not be impaired or affected by failure to file claim or demand as hereinabove provided, but such failure shall bar the right to enforce any personal liability against the estate, and the claimant shall be limited to the enforcement of the mortgage or lien against the specific property so mortgaged or held. Nothing herein contained shall be construed to require any legatee, devisee or heir at law to file any claim for the share or interest in the estate to which he may be entitled."

As pointed out above a general statute of limitation becomes effective and begins to run as soon as a cause of action arises; and undoubtedly the purpose of Section 33 of Article III of the Florida Constitution was to prevent a subsequent statute from having a retrospective effect by reducing this period of limitation after the statute had already begun to run against a cause of action.

Sections 119 and 120 did not *"lessen* the time within

which a civil action may be commenced" so as to violate this provision of the Constitution.

Another reason for said section of the Constitution not applying to statutes of nonclaim is because of the words, "a civil action," which are used in said section. See Bradford v. Shine, 13 Fla. 393, text 416, which indicates that claims interposed against an estate are not ordinary civil claims according to the legal and popular understanding of the term.

It is next urged upon the Court that these sections of the 1933 Probate Act, as applied to the present facts, are violative of Clause 1, Section 10, Article I, of the Constitution of the United States and of Section 17 of the Declaration of Rights of the Constitution of Florida. Each of these constitutional provisions is an inhibition against the enactment of laws impairing the obligations of contracts.

It seems to have been almost universally held that an Act shortening a statute of limitation or an Act establishing a statute of limitation is not in violation of these provisions of the Constitution. So even if we should take the view, for the time being, and for the sake of argument, that Sections 119 and 120 of the 1933 Probate Act lessened the time for bringing actions on a contract, they would not be unconstitutional as impairments of a contractual obligation as long as a reasonable time is allowed for bringing an action on the past contract.

As stated in 17 R. C. L., 681, and supported by ample authority:

"Debtors and parties to contracts do not have any vested interests in particular limitation laws existing at any special time. It has appropriately been said that limitation statutes are not to be considered as elements entering into contracts because the parties do not look forward to a breach of their bargains, but to the performance."

"An Act shortening the period of limitation applying to both past and future contracts is not unconstitutional, where it provides for ample time for bringing actions on past contracts before such actions shall be barred." 12 C. J. 1079.

"The Legislature may constitutionally regulate the procedure in Courts of Justice in relation to past as well as future contracts.

"A Statute requiring the presentation of claims as a condition precedent to suits thereon is not unconstitutional as impairing the obligation of either prior or subsequent contracts." 12 C. J. 1081.

In this general connection see Hart v. Bostwick, et ux., 14 Fla. 163.

Thus it appears that even general statutes of limitation, passed after the cause of action has arisen and which lessen the time within which the action may be commenced, are not in violation of the constitutional inhibitions against the impairment of contractual obligations where a reasonable time is allowed for the party to bring the action; though in Florida such a statute would be unconstitutional as a violation of Section 33, Art. III, of the Florida Constitution. We can see by analogy that the same principles as stated above would be even more applicable to statutes on nonclaim.

The statute under consideration did not therefore impair the contractual obligation entered into by the appellant and deceased.

There does not appear from this record any basis for the fourth question as raised by the appellant as the record does not show that the debt is an honest and just one, nor that it is not, nor does it show that the estate is solvent and had not been closed. But even so, the Court is powerless to change the words and clear meaning of the non-

claim statute, which provides that "any such claim or demand not so filed within eight months from the time of the first publication of the notice to creditors *shall be void.*" As was said in the case of Brooks v. Fed. Land Bank of Columbia, *supra,* "where no exception from the provisions of the statute exist, the court is powerless to create one." The contention then that equity and good conscience require that the appellant not lose his claim, while very appealing, does not authorize us to change the statute, which allows only eight months from the first publication of notice to creditors within which to file claims, expressly provides that claims not filed within such eight months periods shall be "void."

The fifth question is:

"After the appellant filed his claim with the County Judge (Oct. 15, 1925) and the administratrix had filed her objections thereto (Nov. 8, 1935) did the appellant file his common law action in time to have the Court give judgment on the merits?" (Nov. 5, 1935).

The appellant did not file his claim with the County Judge within the eight month period, and there was no written objection to the claim filed by the administratrix as is contemplated by Section 122, unless we consider the motion to strike as a written objection; and even so this motion was not filed "on or before the expiration of ten calendar months from the first publication of notice to creditors" as provided in Section 122; nor was the motion to strike filed and ruled on before suit was brought. This contention is therefore not tenable.

It is axiomatic that "hard cases make bad law." When, by some failure to act within the time, or in the manner, expressly and mandatorily required by law, a party loses his right to enforce an otherwise just claim (as the one here involved may be for aught that appears), the courts,

in their desire to award "natural" or "substantial justice," strain themselves beyond the bounds of clear and reasonable interpretation of the law as written, in their efforts to save such party from the injurious consequences of his own disregard of the law, then the truth of the axiom is proven. Which brings to mind Bassanio's appeal to Portia: "I beseech you, wrest once the law to your authority; to do a great right, do a little wrong, and curb this cruel devil of his will:" and Portia's familiar but memorable reply: "It must not be; there is no power in Venice can alter a decree established; 'twill be recorded for a precedent, and many an error, by the same example, will rush into the State. It cannot be."

On the record presented here, we cannot find any error on the part of the court below; nor any departure from the law as clearly laid down by the Legislature. The judgment of the Circuit Court, affirming the order of the County Judge, must therefore be affirmed.

Affirmed.

ELLIS, C. J., and WHITFIELD, BUFORD and CHAPMAN, J. J., concur.