71 So.2d 727 (1954)
BILTMORE VILLAGE, Inc.,
v.
ROYAL.
BILTMORE VILLAGE, Inc.,
v.
ROTOLANTE.
Supreme Court of Florida, En Banc.
April 9, 1954.
Redfearn & Ferrell, Miami, for appellant.
Irving F. Kalback and Roland J. Lavelle, Miami, for Fred L. Royal.
Van Buren Vickery, Miami, for May L. Rotolante, nee May L. Morat.
TERRELL, Justice.
These two cases grew out of similar facts, the answer to the questions raised are governed by the same principles of law, so they will be disposed of in one opinion. The legislature of 1951 enacted Chapter 26927, Laws of Florida, cancelling all reverter provisions in plats or deeds conveying any interest in real estate which have been in effect for more than 21 years. The act imposed a limitation on such reverters and gave the holder one year in which to enforce his right under conditions named in the act. The appeal in the Royal case is from a final decree quieting title of appellee in Lot 40, Block 53 of Central Miami Part No. 3 Commercial Section against the possibility of a reverter owned by appellant, Biltmore Village, Inc. The appeal in the Rotolante case is from a final decree quieting title of appellee in Lots 9 and 10 in Block 36 in Central Miami, Part 2 against *728 the reverter rights and interest of Biltmore Village, Inc. The complaints allege that the appellant was the owner of such "possibility of a reverter" and "reverter rights and interest", respectively, and that such interest in each of the properties was outlawed by Chapter 26927, Acts of 1951, now Section 689.18, F.S.A. Motions to dismiss challenging State and Federal constitutionality were overruled. Answers were filed, counsel were heard and the chancellors, on the issues made, entered final decrees, quieting title in the appellees.
The only point for determination in each case is whether or not the chancellors committed error in overruling the motions to dismiss. In the Royal case the appellee claimed to have deraigned title through a 1946 deed from the Trustees of the Internal Improvement Fund and in the Rotolante case the appellee claims to have deraigned title through a 1946 tax deed from the Board of Commissioners of the Everglades Drainage District. Such difference in origin is not material in the determination of the question before us.
Common to each of the properties in question, is the fact that appellant's predecessors in title had by agreement under a general plan of development covering the entire Central Miami Subdivision more that 21 years before the enactment of Chapter 26927, Laws of Florida 1951, established certain conditions and restrictive covenants running with the land. The contract under which the lands in question were subjected, after reciting the covenants and restrictions and that they shall run with the land, binding alike on the heirs, personal representatives and assigns of the party of the second part, who by acceptance agrees to abide by them, contains the following:
"18th. That if the said second party, his heirs, personal representatives, successors, or assigns, or any holder or holders of the property hereby conveyed, by virtue of any judicial proceedings, shall fail to comply with any of the above and foregoing restrictions, conditions or limitations within sixty days after written notice * * * then the said above described and conveyed property shall immediately revert to the said first party, its successors or assigns * * *.
"And the said party of the first part for itself, its successors and assigns, does hereby covenant and agree with the said party of the second part, his heirs and assigns, in manner following:
"1st. That the above and foregoing restrictions, limitations, and conditions shall be included in all deeds and agreements for deeds to lots in said Central Miami."
Section 192.33, F.S.A., provides that such covenants running with the land shall survive and be enforceable after the issuance of a tax deed, such being the source of appellees predecessor in title. Appellant contends that Chapter 26927 is unconstitutional and void in so far as it applies to appellant's lands and others similarly situated, because, (1) it impairs the contract obligation in the deed, and (2) it deprives appellant of its property without due process of law.
In Sturges v. Crowinshield, 4 Wheat. 122, 197, 4 L.Ed. 529 and in Home Building & Loan Association v. Blaisdell, 290 U.S. 398, 54 S.Ct. 231, 78 L.Ed. 413, 88 A.L.R. 1481, 1590, the Supreme Court of the United States very clearly pointed out the law governing the obligation of contracts. The covenants in question were placed in the deeds for the benefit of the parties and the reverter covenant set out ready means of enforcement for the benefit of each and every owner. Section 2 of Chapter 26927 cancelled the reverter provisions and is condemned by the quoted decisions. See also State ex rel. Woman's Ben. Ass'n v. Port of Palm Beach Dist., 121 Fla. 746, 164 So. 851; State ex rel. Sovereign Camp W.O.W. v. Boring, 121 Fla. 781, 164 So. 859.
In this holding we do not overlook the attempted savings clause in Section 6 *729 of the said act which provides that the holder of a possibility of reverter may have one year from the effective date of the act to institute suit in a court of competent jurisdiction to establish or enforce such right. The trouble with such a savings clause is that it arbitrarily cuts off the right in one year unless suit is brought to enforce it. Such a saving provision affords no remedy to those situated like appellant, where breach of the covenant has not accrued, so as to actuate the enforcement of the right of reverter. In re Woods Estate, 133 Fla. 730, 183 So. 10, 117 A.L.R. 1202; Mahood v. Bessemer Properties, 154 Fla. 710, 18 So.2d 775, 153 A.L.R. 1199.
A study of the Act in the light of the cited authorities drives us to the conclusion that it is void and unconstitutional as to the rights of appellant and those in like situation. The order denying the motions to dismiss and the motions for final decrees is accordingly reversed and the causes are remanded with directions to dismiss the complaints.
Reversed with directions.
THOMAS, SEBRING, MATHEWS and DREW, JJ., concur.
ROBERTS, C.J., and PATTERSON, Associate Justice, dissent.
PATTERSON, Associate Justice (dissenting).
Although I do not differ with the views expressed in the majority opinion with respect to the unconstitutionality of Chapter 26927, Laws of Florida 1951, my concern for the effect such opinion has upon the question of extinguishment of reverter clauses by tax deeds impels me respectfully to record my dissent. Plaintiffs in each of the instant cases deraign title from tax deeds and seek to quiet such title against antecedent possibilities of reverter. It is only for the reason that each of these cases involves a tax title that I encounter difficulty in concurring in the majority opinion.
One of the questions decided by these cases is that a reverter clause, when coupled with restrictive covenants, shall survive along with the restrictions themselves in order to give effect to the provision of Sec. 192.33, F.S.A., that such restrictions shall remain fully enforceable. It appears to be the view of the majority of the Court that the reverter provisions in the deeds here considered survive by operation of Sec. 192.33, not as covenants or restrictions as therein defined, but as a provision for their enforcement brought within the intendment of the statute by the language: "* * * and be enforceable * * * to the same extent * * *." I do not think they do.
The particular reverters considered here cannot be distinguished in principle from the more or less standard reverters that have been stifling titles in this state since the boom of the twenties. Admittedly it may be said that reverter clauses, when coupled with restrictive covenants, have the practical effect of operating in terrorem to prevent violation of the restrictions. Nevertheless, this Court, in the case of Richardson v. Holman, 160 Fla. 65, 33 So.2d 641, has discussed the nature of a possibility of reverter and there held it to be an uncertain interest in land and that the estate conveyed subject to such possibility of reverter is an estate less than fee simple absolute. But it is a well settled rule, first announced in Stuart v. Stephanus, 94 Fla. 1087, 114 So. 767, that tax titles are new and independent titles emanating from the State free of any private right, title or interest of the prior owner or his privies, in short, a fee simple estate. If the reverter survives, this cannot be so.
Reverter provisions are not necessary to the enforcement of restrictive covenants, and indeed, in legal contemplation at least, are not instruments of enforcement, but are limitations on the estate conveyed. I am therefore of the view that the statute intends only that those restrictions which survive shall remain valid and enforceable by *730 judicial process; and that it does not intend to amend the firm proposition that the former owner and his ancestors, upon the loss of title by default in taxes, lose the entire fee simple absolute, not merely the particular estate, be it a qualified or determinable fee or estate upon condition subsequent. It seems to me to be beyond the intention of the statute that any former owner, after the issuance of a valid tax deed, retains any interest by which the land, by any conceivable event, can revert to him. The whole scope of Sec. 192.33 with respect to survival and enforceability of restrictive covenants lies outside of that proposition. Being of this view, I therefore conclude that possibilities of reverter do not survive a tax deed and that the extinguishment of the reverters claimed by the defendants in these cases is affirmatively made to appear in the bills of complaint, not by the operation of any statute, but by the issuance of a tax deed in each instance and the resulting effect of the rule of Stuart v. Stephanus, supra.
This conclusion is based on the facts well pleaded in the complaint in each case. In the Royal case, the plaintiff has complicated his complaint by alleging affirmatively that the defendant owns such possibility of reverter but that it has been cancelled by Chapter 26927, supra. Thus by pleading legal conclusions manifestly negatived by the facts of his bill, he attempts to effect the cancellation of defendant's reverter by Chapter 26927, supra, rather than by issuance of the tax deed in 1946. It is my view that the pleader may not by naked legal assertion extend the life of defendant's reverter beyond the issuance of the tax deed. The bill of complaint in the Rotolante case makes no such attempt.
For the reasons stated, I am convinced that in neither of these cases has the possibility of reverter survived long enough to encounter Chapter 26927, Laws of Florida 1951, and that neither case presents an opportunity for testing that statute.