On Rehearing
THORNAL, Justice.
Appellant Hoffman, as administrator •cum testamento annexo of the estate of •Carrie Williamson, seeks reversal of an order of the Circuit Judge affirming an or•der of the County Judge by which the latter refused to strike a claim filed by Murphy against the Williamson estate.
The principal point involved is the effect of the appointment of an administrator •cum testamento annexo upon discovery of a will subsequent to a previous appointment ■of an administrator.
The dates we mention herein are important. On May 7, 1954, appellant Hoffman was appointed administrator of the estate •of Carrie Williamson, deceased. He qualified and on June 10, 1954, filed proof of •publication of notice to creditors showing the first publication to have been made on May 13, 1954. On July 6, 1954, appellee Murphy filed a relatively small claim against the estate for services performed for the decedent. On July 26, 1954, Hoffman, as administrator, filed a petition to the County Judge whereby he presented .an instrument purporting to be the will of Carrie Williamson. The will was admitted to probate. The County Judge thereupon appointed Hoffman administrator cum tes-tamento annexo of the estate and revoked the letters of administration issued on May 7, 1954. Upon his appointment as administrator cum testamento annexo, Hoffman then published another notice to creditors and filed proof showing first publication thereof on July 31, 1954. On March 1, 1955,-Murphy filed a new claim against the estate. It is important to note that this was not an amendment of the original claim. It was an entirely new claim in the amount of $101,810.25 for damages for alleged breach of an agreement to make a will. On April 22, 1955, Hoffman, as administrator cum testamento annexo, and the beneficiaries under the will filed a motion to strike the claim of Murphy which had been filed on March 1, 1955. Upon hearing the motion to strike,' the County Judge overruled the motion and denied the objections to the claim. An appeal to the Circuit Court resulted in an affirmance of the order of the County Judge. Reversal of this order of affirmance by the Circuit Judge is now sought by this appeal.
Appellant Hoffman, as administrator cum testamento annexo, contends that the publication of the second notice to creditors is merely surplusage, that Murphy was bound by the first notice to file any claim he had against the estate within eight months from May 13, 1954, the date of the original publication. The conclusion is tendered that the second claim filed by Murphy was barred by our statute of non-claims.
It is Murphy’s contention that the appointment of Hoffman as administrator cum testamento annexo was the equivalent of opening an entirely new administration proceeding, that Hoffman by the second notice to creditors invited the filing of further claims and that, therefore, his second claim was timely filed.
We find no provision of our Probate Act which concludes the point under consideration. Section 733.15, Florida Statutes, F.S.A., provides in substance that every personal representative after taking out letters testamentary or of administration shall cause a notice to creditors to be published once each week for four consecutive weeks. Section 733.16, Florida Statutes, F.S.A., which is our so-called statute of nonclaims, provides in part that any claim not filed with the County Judge “within eight month's from the time of the first *246 publication of the notice to creditors shall be void”. Section 732.44(7), Florida Statutes, F.S.A., provides for the appointment of an executor or administrator cum tes-tamento annexo with revocation of letters of administration upon discovery of a will subsequent to the granting of letters of administration.
Strangely enough there are no controlling precedents governing the disposition of the problem at hand. Very thorough and well-prepared briefs of counsel for both parties fail to reveal any decisions of this or other courts concluding the matter. Our own research likewise has failed to produce a directly analogous precedent. So far as we have been able to determine we are here dealing with a situation of initial impression. We must, therefore, reason from certain well-established principles in order to arrive at our conclusion.
We start with the proposition that administration proceedings are proceedings in rem. The estate administered upon is considered the “rem”. By “administration proceeding” as here employed, we have reference to all types of proceedings for administering the estates of decedents in a probate court whether pursuant to a will or in accord with the laws governing intestacy. Pitts v. Pitts, 120 Fla. 363, 162 So. 708; Street v. Crosthwait, 134 Fla. 158, 183 So. 820. In accord with this proposition it may be noted from Section 733.16, Florida Statutes, F.S.A., that the claim of a creditor is required to be “filed in the office of the county judge”. Our earlier statutes required that the claim be “presented” to the personal representative. State Bank of Orlando & Trust Co. v. Macy, 101 Fla. 140, 133 So. 876, 78 A.L.R. 1119.
The personal representative, whether he be an administrator or executor, has no power to waive the requirements of the statute with reference to the filing of the claim. In re Woods’ Estate, 133 Fla. 730, 183 So. 10, 117 A.L.R. 1202; American Surety Co. of New York v. Murphy, 151 Fla. 151, 9 So.2d 355. See also,. Probate Claims in Florida by Wilson and McGehee, Fla. Law Rev., Vol. 1, No. 1, p. 1 (pp. 13-14).
We have held it to be a matter of public policy in this state that the estates of decedents shall be speedily and finally determined with dispatch. It is pursuant to this policy that statutes of nonclaim such as the one under consideration have been enacted by the Legislature. While it is not the purpose of the Probate Act to restrict unreasonably the rights of creditors, it is nonetheless the objective of the Act to expedite and facilitate the settlement of estates in the interest of the public welfare and for the benefit of those interested in decedents’ estates. In re Jeffries’ Estate, 136 Fla. 410, 181 So. 833.
Having in mind, therefore, these general! rules governing the nature of administration proceedings and the aspects of public-policy involved in the interpretation of our Probate Act, we move on to apply the principles to the matter before us.
We must consider generally the validity of the appointment of the administrator and the effect of the discovery of the will upon the acts and doings of the administrator prior thereto. Although originally the rule may have been otherwise, it is now generally conceded that the discovery of a will and the issuance of letters testamentary after the appointment of an administrator for an estate does not render the grant of letters of administration void. It is only voidable. This leads, to the result that all acts and things done by the administrator pursuant to the letters-of administration are not open to collateral attack and are binding on the parties interested in the estate, including the subsequently named executor or administrator cum testamento annexo. 21 Am. Jur., Executors and Administrators, Section 165. In accord with this rule, the act of the administrator in publishing notice to cred *247 itors is a valid and binding act of such validity and vitality that creditors of the estate are bound to take note of the notice and file their claims in accord with the requirements of the Probate Act. Bearing in mind that the administration proceeding is in rem, the act of the administrator in publishing the notice is not the act of an individual but rather the act of the estate itself. Consequently, when a will is subsequently discovered and an administrator cum testamento annexo appointed, he takes the estate as he finds it, subject to all proceedings theretofore had.
The language of the statute which requires revocation of letters of administration by employing the word “revoke” in and of itself recognizes that there is something to revoke. If the letters of administration were void or meaningless, it would be unnecessary to “revoke” them. In such a situation the estate has already published the notice to creditors and it is totally unnecessary for the subsequently appointed administrator cum testamento annexo or executor to publish another notice. A contrary rule could lead to an interminable situation directly contrary to the established policy of bringing estates to an expeditious closing. This is so for the obvious reason that conceivably there could be a number of successor personal representatives and under a rule different from the one we have announced, each would be required to publish an entirely new notice to creditors with the attendant eight months period for the filing of claims. The period of administration could be extended ad infinitum directly contrary to what we have said is a basic objective of our Probate Act. See Hewson v. Shelley, 2 Ch. 13, Ann.Cas.1917B, p. 1119.
While admittedly we have found no precedents directly on the point, the decision of the Supreme Court of Alabama in Floyd v. Clayton, 67 Ala. 265, is strongly analogous in principle for the reason that it demonstrates a rule correlative to a situation such as the one before us. In the case cited the administrator published notice to creditors. A creditor filed a claim pursuant to the notice. Subsequently a will was discovered and an executor appointed pursuant thereto with revocation of the prior letters of administration. The creditor did not present his claim to the executor but relied on the previous presentation pursuant to notice published by the administrator. The Alabama court held that the grant of administration as in case of intestacy was voidable only and not void upon discovery of a will. It held that the creditor could legally deal with the administrator and that the notice published by the administrator was valid and binding on the estate. It was further held that the statute does not contemplate renewed or repeated presentation of claims as often as there may be changes in administration. Although this case involves the converse of the situation now before us, it clearly supports the conclusion which we here reach. For example, applying the rule of the Alabama case cited, the notice to creditors published by Hoffman, as administrator, was an act valid and binding on the estate. It was an act of the estate that served notice to all creditors to file their claims. The subsequent notice by the administrator cum testamento annexo was totally unnecessary surplusage. Consequently it could not in any measure affect the validity or the effectiveness of the first notice published by the administrator. The administrator cum testamento annexo could not waive the benefit which had accrued to the estate by the publication of the first notice. The administrator cum testamento annexo had no power to extend the statutory period for filing claims merely by publishing an unnecessary second notice. The result of this is that Murphy should have filed his claim within eight months from the initial publication by the administrator. The filing of the claim beyond the initial eight-month period but within eight months after the publication of the surplus and unnecessary second notice was not binding on the estate. The second claim filed by Mur- *248 pliy was consequently filed too late to be enforceable and it should have been stricken on motion of the administrator cum tes-tamento annexo. The objections of the administrator cum testamento annexo should have been sustained.
The judgment appealed from is reversed and the cause is remanded for further proceedings consistent herewith.
TERREL, C. J., HOBSON, J., and LUCKIE, Associate 'Justice, concur.