140 So.2d 613 (1962)
INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Appellant,
v.
The BROOKS-FISHER INSULATING COMPANY, Appellee.
No. 2477.
District Court of Appeal of Florida. Second District.
April 18, 1962.
Rehearing Denied May 15, 1962.
Joseph F. Jennings of Dixon, De Jarnette, Bradford, Williams, McKay & Kimbrell, Miami, for appellant.
Jose A. Gonzalez, Jr., of Watson, Hubert & Sousley, Ft. Lauderdale, for appellee.
KANNER, Judge.
Plaintiff, a materialman, was by final summary judgment declared to be entitled under his contract to compensation for labor and material furnished to a subcontractor in connection with construction of a public school for the Broward County *614 Board of Public Instruction. Section 255.05, Florida Statutes, F.S.A., had been advanced as authority for the claim. Defendant corporation, surety on the performance and payment bond, pleaded generally that it was not indebted to plaintiff and raised with particularity a contention that plaintiff was barred by the one year statute of limitations added to section 255.05 through legislative amendment which had become effective August 4, 1959. See Chapter 59-491, Section 1, Laws of Florida 1959.
The portion of the amendment pertinent to this appeal reads as follows:
"* * * No action or suit shall be instituted or prosecuted against the contractor or against the surety on the bond required in this section after one year from the performance of the labor or completion of delivery of the materials and supplies."
Plaintiff furnished the final item of labor and materials on December 17, 1958, but the complaint setting the suit in motion was not filed until February 22, 1960. Final summary judgment for plaintiff was ordered on January 26, 1961, and recorded on March 8, 1961.
Defendant, appealing from the summary judgment, advances but one point; it argues that plaintiff by failing to file suit within the one year period provided by the amendment to section 255.05 is barred from instituting or prosecuting any action upon the claim against defendant. Plaintiff appellee, controverting this position, states that the issue devolves into one of statutory construction, and asserts that the question presented concerns whether the legislative intent was that the one year limitation should operate retroactively. Pointing out that no reference was made in the amendment to the causes of action then existing, plaintiff asserts that under these circumstances, by the established law, no retroactive effect may be given to the limitation clause.
The Florida Constitution, Section 33, article III, F.S.A., provides that no statute shall be passed lessening the time within which a civil action may be commenced on any cause of action extant at the time of its passage. This constitutional prohibition has been considered in several cases. See In re Woods' Estate, 1938, 133 Fla. 730, 183 So. 10, 117 A.L.R. 1202; Lee v. Lang, 1939, 140 Fla. 782, 192 So. 490; Baugher v. Boley, 1912, 63 Fla. 75, 58 So. 980. General reference may be made to 21 Fla.Jur., Limitation of Actions, section 6, page 169, and 34 Am.Jur., Limitation of Actions, section 32, page 36, and section 43, page 44.
There are exceptions to the prohibition, however. One such exception will permit a statute to shorten or limit the period within which an action may be brought if a reasonable time is provided within the statute itself for asserting and enforcing causes of action that have already accrued. See H.K.L. Realty Corporation v. Kirtley, Fla. 1954, 74 So.2d 876. This exception is of no concern here, since the amendment to section 255.05 contains no such provision.
A second exception prevails in instances where no pertinent statute of limitations had been in effect at the time of the limitations provision's enactment; in such instance the initially defined period of limitations is not deemed to be in derogation of Section 33, article III, Florida Constitution. See In re Brown's Estate, Fla. 1960, 117 So.2d 478; Campbell v. Horne, 1941, 147 Fla. 523, 3 So.2d 125, for decisions illustrative of this exception. The period of limitations within which a suit such as that of plaintiff had to be commenced prior to the 1959 amendment, however, fell within the operation of section 95.11(5) (a), Florida Statutes, F.S.A. This section provides, in essence, that an action other than one for the recovery of real property may be commenced within three years if founded upon a liability created by statute, aside from one for penalty or forfeiture. Since a statute of limitations was in operation, this exception is likewise inapplicable.
*615 It is a long settled legal tenet that a statute will not be construed as retroactive unless its terms clearly show that such a result was intended. See In re Seven Barrels of Wine, 1920, 79 Fla. 1, 83 So. 627; City of Miami v. Board of Public Instruction, Fla. 1954, 72 So.2d 901. Instead, the presumption is that a legislative act operates prospectively only, unless there is a clear showing of retroactive intent. State v. Green, Fla. 1958, 101 So.2d 805.
Rules of statutory construction support the position that the one year limitation imposed through the 1959 legislative amendment upon section 255.05, Florida Statutes, F.S.A., should not yield a retrospective interpretation. No question of constitutionality was raised below; rather it is apparent that the question before the trial court was that of statutory construction. The final summary judgment is affirmed.
Affirmed.
SHANNON, C.J., and WHITE, J., concur.