PER CURIAM.
Appellant surety, defendant below, seeks review of a summary final judgment entered in favor of plaintiff materialman, appellee here. Plaintiff furnished materials to a subcontractor in connection with a project aimed at constructing a public school under the auspices of the Broward County Board of Public Instruction. Defendant corporation was surety on the general contractor’s performance and payment bond. The complaint asserted that plaintiff had not been compensated in accordance with his contract for materials and demanded judgment against defendant surety, citing section 255.05, Florida Statutes, as authority for its claim.
Defendant responded, pleading generally that it was not indebted to plaintiff, and raising specially a contention that plaintiff was barred by the one year statute of limitations that had been added to the statute through amendment by the Florida Legislature in the Spring, 1959, session, which became effective August 4, 1959.
Defendant, having perfected this appeal, raises but one question; it argues that plaintiff, by not filing suit within one year, is barred by the statutory amendment to section 255.05, Florida Statutes, from recovery, and his claim is extinguished. Defendant further finds a constitutional issue to exist as to this point.
Plaintiff appellee, on the other hand, states the issue to be one solely of statutory construction and that the question may be stated to be concerned with the legislative intent as to the amendment and whether the one year period was intended to operate retroactively. Plaintiff further points out that no reference was made in the amendment to the causes of action then existing, and asserts that, according to established law, under these circumstances no such retroactive effect may be given to the limitations clause.
This case is a companion case to Indemnity Insurance Company of North America *316 v. The Brooks-Fisher Insulating Company, 140 So.2d 613, in which this court stated in the last paragraph of the opinion written by Judge Kanner:
"Rules of statutory construction support the position that the one year limitation imposed through the 1959 legislative amendment upon section 255.05, Florida Statutes, F.S.A., should not yield a retrospective interpretation. No question of constitutionality was raised below; rather it is apparent that the question before the trial court was that of statutory construction. The final summary judgment is affirmed.”
Based upon the above decision, we affirm the lower court in this case.
Affirmed.
ALLEN, Acting C. J., SMITH, J., and WILLSON, J. H., Associate Judge, concur.